[No. 3,655.]

## HENRY W. KEISKER v. S. B. AYRES.

DISMISSAL OF ACTION. — If the defendant in an action gives the plaintiff notice that he will take his deposition, and procures and serves a subpœna for him to appear and give his deposition, and the plaintiff, without good reason, fails to obey the subpœna, the Court may, on motion of the defendant, dismiss the action.

FAILURE TO OBEY SUBPŒNA. — If a subpœna issued by a Notary for a witness to appear before him and give his deposition, fails to specify the precise locality where the Notary will take the deposition, the witness will not be excused for non-attendance, if he is not misled thereby.

APPEAL from the District Court, Fifteenth Judicial District, City and County of San Francisco.

The plaintiff brought this action to recover possession of a patent issued by the United States for a quarter section of land. The defendant was Register of the United States Land Office, at Marysville, California. In his answer, he alleged that the plaintiff entered the land for which the patent was issued as a preëmptor, and, before making the entry, took the required oath "that he had never had the benefit of any right of preëmption in this State." That representations had been made by affidavit to the Commissioner of the General Land Office, at Washington, that the plaintiff had before enjoyed the benefit of the right of preëmption in this State, and that he had, by means of false

swearing, made the entry for which the patent was issued, and that the Commissioner had directed the defendant to retain the patent until the matter was investigated.

The defendant served notice on the plaintiff's attorney that he would take the plaintiff's deposition before E. L. Brown, a Notary Public at Davisville, Yolo County, at the office of said Notary, in Davisville, Yolo County, on the 12th day of March, 1872, commencing at eleven A. M. of that day. The subpœna directed the plaintiff to appear before "the undersigned, a Notary in and for Yolo County," etc., without giving the place. The Court below, when the case was called for trial, on motion of the defendant, dismissed the action. The defendant moved to vacate the judgment and grant a new trial. The statement was settled August 1st, 1872. The motion was denied, and the defendant appealed from the order and judgment.

The other facts are stated in the opinion.

*Rogers & Newman*, for Appellant.

Section four hundred and two of the late Practice Act, under which these proceedings were had, declares that "a subpœna may require  *  *  the attendance of a person to whom it is directed, at a particular time and place."

Section four hundred and three of the Practice Act declares who may issue a subpœna, and the power to punish for contempt upon failure to attend. But it is clear that, before such contempt could be committed, the "particular time and place" of attendance should be designated in the subpœna, as the above section (four hundred and two) declares should be the case.

The action of the Court below was based upon section four hundred and nine of the Practice Act, which existed before the Code took effect. The appellant respectfully contends that that section only justifies the Court "issuing" the subpœna disobeyed, if such could be construed to exist, in

punishing the refractory party, by striking out his complaint, or answer, and not in doing so, when the subpœna was issued by a mere Notary Public, as in this case.

*L. D. Latimer,* for Respondent.


By the COURT :

We think there was no error in striking out the plaintiff's complaint by reason of his failure to attend and give his deposition when summoned to do so by the defendant. It is clear that he was not misled or left in ignorance as to the place at which the deposition was to be taken, because of the omission in the subpœna to specify the precise locality. He states in his affidavit that he went to the office of the Notary at the time appointed and remained " several minutes." It is clear, therefore, that he was not ignorant of the *place,* and that he understood the subpœna as requiring him to appear before the Notary at his office, which was the place designated in the notice served on his attorney. And it is equally apparent that if he went to the office of the Notary, at or about the appointed time, he left again immediately, for the purpose of evading the taking of his deposition. But the weight of the testimony tended strongly to show that he was not there at all at the time he states. When the motion to strike out the complaint was made, he was represented by his attorney, then present in Court, who resisted the motion, and made no objection for want of notice, and if the plaintiff was entitled to be served personally with a notice of the motion, he has not been deprived of a full opportunity to be heard on its merits. On his motion to vacate the order striking out the complaint, he made as full a showing as he could have made on the original motion, and has not been deprived of an opportunity to be fully heard on its merits.

Judgment and order affirmed.