[S. F. No. 688.   Department One.—February 4, 1898.]

MARY A. FOLEY, Respondent, v. DANIEL H. FOLEY et al., Appellants.

APPEAL—NONAPPEALABLE ORDERS—BILL OF EXCEPTIONS—REVIEW UPON APPEAL FROM JUDGMENT.—Orders before judgment denying a motion to set aside a default, and striking out a demurrer and ordering judgment to be entered for plaintiff, are not appealable, and appeals therefrom must be dismissed; but such orders may be reviewed upon appeal from the judgment upon a bill of exceptions showing exceptions thereto, and the fact that such bill was taken and settled with reference to the appeals from the nonappealable orders does not pre-

clude its use for the purpose of reviewing such orders upon appeal from the judgment.

ID.—JUDGMENT WITHOUT TRIAL—ORDER DENYING NEW TRIAL NOT REVIEWABLE.—A motion for a new trial is not a proper proceeding to review the action of the court in rendering judgment in a case where there has been no trial upon issues of fact; and in such case there is no office to be subserved by a new trial, and there is nothing to be reviewed upon appeal from an order denying a new trial.

ID.—HEARING IN DIVORCE CASE, WITHOUT ISSUES, NOT A TRIAL—POLICY OF LAW—CONSTRUCTION OF CODE—REMEDY UPON DEFAULT.—The provisions of section 130 of the Civil Code, to the effect that no divorce can be granted upon the mere default of the defendant, and that the court shall require proof of the facts alleged before granting relief, merely declare the policy of the law in divorce cases, but are not to be construed as raising "issues of fact," in case of default, nor as constituting the taking of proof, where the defendant has not answered, a "trial," as those terms are used in the provisions relating to new trials; and the re-examination of an issue of fact, provided for in section 656 of the Code of Civil Procedure, is to be had only where there has been a trial of an issue arising where a material averment made on the one side is controverted on the other, as provided in sections 588 and 590 of the same code; and the only remedy where a defendant has made a default, and suffered judgment upon an *ex parte* showing, is by motion under section 473 of the Code of Civil Procedure, and not by motion for a new trial; and attempted proceedings for a new trial in such case are nugatory, and cannot be reviewed upon appeal from an order denying a new trial.

ID.—REFUSAL TO VACATE DEFAULT—REVIEW OF DISCRETION—CONFLICTING EVIDENCE—SERVICE OF SUMMONS.—Where the only ground of a motion to vacate a default was that the moving defendant had not been served with summons in the action, and the evidence upon that question was conflicting, the discretion of the court in refusing to vacate the default will not be disturbed upon appeal, there being nothing to indicate an abuse of discretion in denying the relief.

DIVORCE—ALIMONY—CONTEMPT OF DEFENDANT—CONSTRUCTIVE SERVICE OF ORDER TO SHOW CAUSE—WAIVER OF OBJECTION—ANSWER UPON MERITS—PERSONAL PRESENCE UNNECESSARY.—Where a defendant in a divorce suit was charged with contempt of court in refusing to obey its order respecting alimony, and the affidavits upon which the order to show cause was based disclosed that he was concealing himself to avoid a compliance with the orders of the court and the service of its process, the court has power to direct that the order be served upon his attorneys of record, and such service is valid; and where his counsel appeared for him in answer to the order, and submitted evidence upon the merits, without objection to the want of personal service, this of itself was sufficient to give the court jurisdiction over him, and it was not necessary that he should be personally present, nor could he have been required to be so.

ID.—ORDER STRIKING OUT DEMURRER AND ENTERING DEFAULT—JURISDICTION—REMEDY FOR CONTEMPT OF DEFENDANT.—The court has no authority to strike out the demurrer of a defendant in an action for divorce, and to order his default entered, and direct the rendition of judgment against him without an answer, for his failure to obey its order for alimony, thereby depriving him of his right to make a defense to the action; but the disobedience of the defendant to the order for the payment of alimony is a contempt, the only punishment for which is fine and imprisonment.

ID.—EFFECT OF ORDER STRIKING OUT DEMURRER—REFUSAL TO PERMIT ANSWER—ABUSE OF DISCRETION.—If the legal effect of an order striking out a demurrer of the defendant be considered as virtually an overruling of the demurrer, yet a refusal of a right to the defendant to answer in an action for divorce is an abuse of discretion, for which a judgment for the plaintiff must be reversed.

ID.—EXCESSIVE RELIEF AGAINST DEFAULTING DEFENDANT—PRAYER FOR INJUNCTION—UNAUTHORIZED ORDER FOR TRANSFER TO RECEIVER.—As against a defaulting defendant, no relief can be granted in excess of that demanded in the complaint; and where the only relief prayed for against a corporation joined as defendant in an action for a divorce was that it be enjoined from transferring property conveyed to it by the defendant, and from allowing or permitting the transfer of shares of stock belonging to the defendant, an order directing it to transfer and convey the property to a receiver is in excess of the relief asked, and is unauthorized.

ID.—CONSTITUTIONAL LAW—RIGHT TO MAKE DEFENSE—DUE PROCESS OF LAW.—The constitutional guarantee that no person shall be deprived of his property or personal rights without "due process of law" forbids that, even in a court possessing plenary power to punish for contempt, the power should exist, after having summoned a defendant to answer and obtaining jurisdiction over him, to refuse to allow him to answer or to strike his answer from the files, and condemn him without a hearing, on the theory that he has been guilty of contempt of court; and section 1991 of the Code of Civil Procedure, authorizing such action because of a defendant's refusal to subscribe his deposition, is unconstitutional and void, as well as inapplicable to an action for divorce.

ID.—DECISION OF UNITED STATES SUPREME COURT, WHEN CONCLUSIVE.—A decision of the supreme court of the United States upon a constitutional question upon which that court has right of review over a state court, is conclusive upon the latter, and its declaration of the law is as binding upon the state court as a mandate of the constitution.

APPEALS from a judgment of the Superior Court of the City and County of San Francisco, and from orders striking out a demurrer and entering default, and denying a motion to set aside a default, and denying motions for a new trial. J. C. B. Hebbard, Judge.

The facts are stated in the opinion of the court.

George H. Perry, and Fisher Ames, for Appellants.

Sullivan & Sullivan, for Respondent.

VAN FLEET, J.—Action for divorce, in which the corporation is joined as a party defendant to protect plaintiff's rights in certain property alleged to have been conveyed to said corporation by the defendant, Daniel H. Foley, in fraud of and to defeat plaintiff's rights therein.

The corporation made default, but subsequently moved that the default be vacated and it be allowed to answer, which motion was denied.

The defendant Foley interposed a demurrer to the complaint; but the court, on motion of plaintiff, struck out his demurrer and gave judgment against him as by default for his failure to pay certain alimony ordered by the court, and for neglect and refusal to subscribe his deposition taken in the action.

Both defendants interposed motions for a new trial, but their motions were denied. Six appeals in all were taken by the defendants; an appeal by the corporation from the order denying its motion to set aside its default; an appeal by defendant Foley from the order striking out his demurrer and ordering judgment to be entered against him: a separate appeal by each of the defendants from the order denying his motion for a new trial; and, lastly, a separate appeal by each of the defendants from the judgment. The two first-mentioned appeals were heretofore dismissed by this court upon the ground that the orders from which they were attempted to be prosecuted were not appealable.

1. As to the appeals from the orders denying the motions of defendants for a new trial, they cannot be entertained. A motion for a new trial is not an appropriate proceeding to review the action of the court in giving judgment in a case where there has been no trial upon issues of fact. (Hayne on New Trial and Appeal, sec. 443; *Savings etc. Soc. v. Meeks,* 66 Cal. 371; *Gregory v. Gregory,* 102 Cal. 50; *In re Heldt,* 98 Cal. 553.)

In this case there was no such trial, the judgment being by default against both defendants. That is, while defendant Foley

did not technically make default, there was no answer by either defendant controverting any fact, and the judgment against both was without a trial upon issues of fact. In such a case there is no office to be subserved by a new trial. A new trial is "a re-examination of an issue of fact" (Code Civ. Proc., sec. 656); and, unless such an issue has been raised and tried, there is nothing which can be reviewed by this method.

While appellants concede this to be the law in actions other than for divorce, they contend that in the latter class of cases there is always of necessity a trial of issues of fact; that the law raises such issues whether the defendant answers or not. But this is a misapprehension of the effect of the statute. The code does provide that no divorce can be granted upon the mere default of the defendant, but that the court shall in all cases "require proof of the facts alleged" before granting the relief. (Civ. Code, sec. 130.) But the effect of that provision is not to raise "issues of fact," nor to constitute the taking of proof submitted by the plaintiff in cases where the defendant has not answered a "trial," as those terms are used in the provisions relating to new trials. Such an issue arises only where a material averment of fact is made on the one side and is controverted upon the other (Code Civ. Proc., secs. 588, 590); and the "re-examination" provided for in section 656 is where there has been a trial of such an issue.

The provision of the Civil Code merely declares the policy of the law to be that in divorce cases, whether the defendant suffer default or not, the relief shall not be granted until the facts upon which it is sought are established by proof. In such an instance, however, as in any other where the defendant makes default and suffers judgment upon a mere *ex parte* showing, his remedy in seeking relief from the judgment is under section 473 of the Code of Civil Procedure, and not by motion for a new trial. (Hayne on New Trial and Appeal, sec. 9, and cases above cited.)

The attempted proceedings for a new trial were, therefore, wholly nugatory and cannot be reviewed.

2. Upon their appeals from the judgment a number of questions are raised by appellants.

(1.) It is contended by the corporation defendant that the court below erred in denying its motion to vacate the default entered against it. Respondent objects *in limine* that there is no record upon which this question can be reviewed. In support of its attempted appeal from the order defendant had settled a bill of exceptions embodying the proceedings had on said motion, and it now relies upon said bill of exceptions as a basis on which to review said order on this appeal from the judgment. Respondent's contention is, that said bill, having been settled only as a bill of exceptions on appeal from the order, is not properly a part of the record on appeal from the judgment, and cannot be referred to for such purpose; that the only record properly before us is the judgment-roll, of which that bill of exceptions is not a part under section 670 of the Code of Civil Procedure. But, while section 670 prescribes what comprises the judgment-roll, it does not prescribe what shall constitute the record on appeal in such a case. Section 649 of said code provides: "A bill containing the exception to any decision may be presented to the court or judge for settlement at the time the decision is made, and, after having been settled, shall be signed by the judge and filed with the clerk," etc; and section 950 of said code provides: "On an appeal from a final judgment the appellant must furnish the court with a copy of the notice of appeal, of the judgment-roll, and of any bill of exceptions or statement in the case upon which the appellant relies." The mere fact, therefore, that the bill was technically presented for settlement and use on an appeal from the order, from which no direct appeal lies, cannot preclude its use for the purpose of reviewing such order on the appeal from the judgment.

But an examination of the bill of exceptions does not disclose error in the action of the trial court in refusing to set aside the default. The only ground upon which the corporation based its motion was that it had not been served with summons in the action, and upon this question the evidence was not only squarely conflicting, but in our judgment preponderated against its contention. In such a case we cannot disturb the order, there being nothing to indicate an abuse of discretion in denying the relief.

(2.) The defendant Daniel H. Foley also asks to have reviewed on the appeal from the judgment the order striking out his demurrer and directing judgment against him, he having preserved an exception to said order, in a bill of exceptions found in the transcript. Respondent makes a like objection to the consideration of this bill of exceptions as that urged against the one just considered; but, for the reasons stated, the objection is not tenable.

It is first objected by this appellant that the action of the court was unauthorized because the proceeding being one to bring him into contempt, no valid service of the order to show cause was made upon him, in that it was not served personally. The affidavits upon which the order to show cause was based disclose that Foley was concealing himself to avoid a compliance with the orders of the court and the service of its process, and the court upon that showing directed that the order be served upon his attorneys of record, which was done. This method of procedure was under the circumstances authorized and constituted a valid service. (*Golden Gate etc. Co. v. Superior Court*, 65 Cal. 187; *Eureka Lake Co. v. Superior Court*, 66 Cal. 311.) Moreover, it appears that Foley appeared by his counsel in answer to the order to show cause, and submitted evidence upon the merits of the application, and resisted the same without objection to the want of personal service. This of itself was sufficient to give the court jurisdiction over him. (*Keisker v. Ayres*, 46 Cal. 82.) It was not necessary that he be personally present; nor could he have been required to be so. (*Ex parte Gordon*, 92 Cal. 478; 27 Am. St. Rep. 154.)

It is mainly objected, however, that the court had no authority to strike out his demurrer, refuse to permit him to answer, and render judgment against him *pro confesso* for his failure to obey its order for alimony; that a disobedience of that order constituted a contempt for which the only punishment it was competent to impose under the code was fine and imprisonment; and, further, that in an action for divorce the court could not thus deprive defendant of his right to make a defense. Both of these propositions find support in the previous decisions of this court. (*Galland v. Galland*, 44 Cal. 475; 13 Am. Rep. 16; *Johnson v. Superior Court*, 63 Cal. 578.)

Respondent contends in effect that these cases are in conflict with the weight of authority; that the power of a court of equity to strike out the answer of a recalcitrant defendant, and deny him an opportunity to be heard for his contempt in neglecting or refusing to render obedience to its lawful orders, is one which has always been indulged independently of statute; that it inheres in the very nature of the jurisdiction and functions vested in that court, and should not be deemed affected by general statutory provisions regulating the punishment for contempts. And some of the cases cited by counsel—particularly those from New York—certainly go to this extent. But, independently of the effect of our statute, we are satisfied that these cases would clothe that court with an extent of power which it has never rightfully possessed. While the general remedial power of a court of equity to take all proper measures to coerce respect and obedience to its lawful orders has always been recognized, to the extent that a party in default may justly be denied the right to have any affirmative action of the court sought by him until he shall have purged himself of his contempt, that power has never extended to a point that would authorize a denial to a party of the right to be heard in defense to any affirmative judgment proposed to be taken against him whereby he would be deprived of any substantive right of person or property. The supreme court of the United States, in the most recent case upon this subject which has fallen under our observation—that of *Hovey v. Elliott*, 167 U. S. 409—after a most exhaustive and thorough consideration of the question, and upon a review of all the leading cases in England and the courts of this country where such power has been invoked, including those relied upon by respondent, comes unhesitatingly to the conclusion that this coercive power has never existed in those courts to the extent here claimed; and it is there expressly declared that even in a court possessing plenary power to punish for contempt, untrammeled by statute, the power does not exist, and never has, to summon a defendant to answer, and after obtaining jurisdiction refuse to allow him to answer, or strike his answer from the files and condemn him without a hearing, on the theory that he has been guilty of a contempt of the court. And this is put upon the broad, fundamental ground

that such action is violative of a constitutional right of the citizen to be heard before being deprived of his property or personal rights, and would amount in effect to a taking of his property without due process of law, since that term, if it means anything, signifies a right to be heard in one's defense. "If," say that court, "the power to violate the fundamental constitutional safeguards securing property exists, if they may be with impunity set aside by courts on the theory that they do not apply to proceedings in contempt, why will they not also apply to proceedings against the liberty of the subject? Why should not a court in a criminal proceeding deny to the accused all right to be heard, on the theory that he is in contempt, and sentence him to the full penalty of the law? No distinction between the two cases can be pointed out. The one would be as flagrant a violation of the rights of the citizen as the other. The one, as pointedly as the other, would convert the judicial department of the government into an engine of oppression, and would make it destroy great constitutional safeguards."

And, speaking of the oft-repeated assertion that from the earliest times the court of chancery in England has possessed and exercised such power, it is said: "But this contention is without solid foundation to rest upon, and is based upon a too strict and literal rendering of general language to be found in isolated passages contained in the works of writers on ancient law and practice, and on loose statements as to the practice of the court of chancery to be found in a few decisions of English courts. Certain it is that in all the reported decisions of the chancery courts of England no single case can be found where a court of chancery ever ordered an answer to be stricken from the files and denied to a party defendant all right of hearing because of a supposed contempt. And the American adjudications, whilst there are two cases, one in New York and the other in Arkansas, asserting the existence of such power, an analysis of these cases and the authorities upon which they rely will conclusively show the erroneous character of the conclusions reached."

That case is controlling as authority here, not alone because of the high character of the court rendering the opinion, but because the principles there announced are conclusive upon us

in this case. As the right of the defendant, which it is thus manifest was violated by the court below, is one for the protection of which the party may always have resort, if need be, to the supreme court of the United States, its declaration of the law is as binding upon this court as a mandate of the constitution.

But it is urged that, aside from the question of the inherent power of the court, section 1991 of the Code of Civil Procedure expressly authorized the action of the court because of the defendant's refusal to subscribe his deposition. In response to this, appellant contends that the evidence did not warrant the court in holding that he was guilty of such refusal. As to this fact, however, we need not inquire, for it is obvious that, if that section were intended to authorize the action here taken, it is to that extent obnoxious to the principles stated in *Hovey v. Elliott, supra.* Where a given act amounts to the invasion of a constitutional right, we can perceive no well-founded distinction in principle whether such invasion come from an attempted legislative sanction, or from the naked, unauthorized act of the court. The one is as ineffectual as the other. Moreover, under the doctrine of *Johnson v. Superior Court, supra,* the remedy provided by the last clause of that section is not applicable to an action for divorce.

It is further said that striking out defendant's demurrer was in effect merely overruling it; and, as it is contended that the demurrer was properly overruled, it is urged that the court was authorized to order judgment without giving defendant leave to answer. But if this were the legal effect of the action taken, which we are not prepared to concede, we should have no hesitation in holding that a refusal of the right to answer under such circumstances, especially in an action for divorce, would amount to an abuse of discretion for which the judgment would be reversed. (*Johnson v. Superior Court, supra.*)

Since these considerations require the judgment to be reversed as to this appellant, it is unnecessary to consider the further objections thereto made by him.

3. The only other point requiring notice is that of the defendant corporation that the relief granted against it by the judgment is in excess of that demanded in the complaint, and

that the judgment is therefore erroneous under section 580 of the Code of Civil Procedure, which provides that the relief granted to the plaintiff, if there be no answer, cannot exceed that demanded in the complaint. This objection must be sustained. The only relief asked against this defendant is, that it "be enjoined from disposing of the real property or mortgages hereinabove set forth, or any of said property conveyed by said Daniel H. Foley to said corporation, and that said alleged corporation be enjoined from allowing or permitting the transfer of any shares of the capital stock of said corporation belonging to said Daniel H. Foley." The judgment directs as to this defendant, "That said Diamond Real Estate and Investment Company be and it is hereby restrained and enjoined from disposing of the real property hereinabove described, or any part thereof, and from disposing of any of said mortgages hereinabove described, and that it be and it is further restrained and enjoined from a transfer of the shares of the capital stock of said corporation belonging to said defendant, Daniel H. Foley"; and "that said defendants transfer and convey to said receiver all of the property hereinabove described, and that said receiver take possession of all of said property and hold the same subject to the order of this court." The direction that the property be conveyed to the receiver is clearly in excess of the relief asked, and, consequently, under the above section more than the court was authorized to award. (*Brooks v. Forington*, 117 Cal. 219.)

For these reasons the judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Harrison, J., and Garoutte, J., concurred.

Hearing in Bank denied.