[S. F. No. 1175.   Department One.—May 31, 1898.]

## DAVID THOMSON, Appellant, *v.* SARAH THOMSON, Respondent.

Divorce — Desertion—"Unreasonable Lapse of Time"—Construction of Code—Absence of Consent of Plaintiff.—A cause of action for a divorce on the ground of desertion is not barred by an "unreasonable lapse of time" under the provisions of subdivision 3 of section 124 and section 125 of the Civil Code, where all presumption of connivance, collusion, or condonation of the offense, or full acquiescence in the same, is negatived by a showing that defendant deserted the plaintiff and continued such desertion without cause and against the will and without the consent of the plaintiff.

Judgment—Recitals.—A judgment inconsistent with the facts it recites to have been proved on the trial will be reversed.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   A. A. Sanderson, Judge.

The facts are stated in the opinion.

W. W. Davidson, for Appellant.

No appearance for Respondent.

BRITT, C.—Action for divorce begun April 1, 1895. Plaintiff alleged in his complaint, among other things, "That prior to the first day of February, 1894, the defendant . . . . willfully and without cause deserted and abandoned the plaintiff, and ever since and still continues so to willfully and without cause desert and abandon said plaintiff, and to live separate and apart from him, without any reason, and against his will and without his consent." The defendant did not answer the complaint, or otherwise appear in the action.

In the judgment it was recited that the cause was heard upon the complaint, "and upon the proofs herein taken, from which it appears that all the material allegations of the complaint are sustained by testimony free from all legal exceptions as to its competency, admissibility, and sufficiency"; whereupon the court denied a divorce, "on the ground that said action is barred by reason of the provisions of subdivision 3 of section 124 of the Civil Code of California."

The paper entitled "Findings of fact and conclusions of law," printed in the transcript, on which appellant lays much stress in argument, cannot be considered; as there was no answer, findings were unnecessary and form no part of the judgment-roll. (Code Civ. Proc., sec. 670; *Murray v. Murray*, 115 Cal. 266; 56 Am. St. Rep. 97.) But in our opinion the determination of the court is at variance with the facts recited in the judgment. The said subdivision 3 of section 124 of the Civil Code provides that a divorce must be denied in actions on the ground of desertion (among others) when there is an unreasonable lapse of time before the commencement of the action. Section 125, following, defines unreasonable lapse of time to be such delay as establishes the presumption of connivance, collusion, or condonation of the offense, or full acquiescence in the same, with intent to continue the marriage relation notwithstanding the commission of the offense. Now, connivance and collusion imply consent to the act complained of (Civ. Code, secs. 112, 114); acquiescence is consent by silence; condonation is forgiveness, and is revoked when the condonee commits the offense anew. (Civ. Code, sec. 121.) None of these matters of defense could coexist with the facts alleged by plaintiff that defendant deserted him and still continues such desertion without cause and against his will and

without his consent; which allegation is shown by the recitals of the judgment to have been well proved. Hence, it appears that the plaintiff established his case, and the judgment denying the relief he claimed was erroneous and is not helped by the reason assigned therein; it should, therefore, be reversed.

Haynes, C., and Searls, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed.        Harrison, J., Van Fleet, J., Garoutte, J.