[Civ. No. 964. First Appellate District.—December 5, 1911.]

## JOHN T. CRACKEL, Respondent, v. MARTHA P. CRACKEL, Appellant.

DIVORCE—APPEAL BY DEFAULTING DEFENDANT FROM INTERLOCUTORY DECREE—EVIDENCE NOT REVIEWABLE.—Upon an appeal by a defaulting defendant from an interlocutory decree in an action for divorce, who has not answered, and in which no issue of fact was raised, such defendant is not entitled to any review of the evidence taken at the hearing, or to have the testimony incorporated in the transcript, and the mere fact that the evidence is inserted in the record here does not warrant the court in reviewing or considering it for any purpose.

ID.—ISSUE OF FACT NOT RAISED BY LAW.—The law does not raise an issue of fact in a divorce case merely because it requires from the plaintiff sufficient proof of the right to a divorce, as alleged in the complaint, before granting the relief asked; nor does it provide for a trial on that ground, nor allow a new trial, or any re-examination of any issue which does not in fact exist.

ID.—LIMITED RIGHTS OF DEFAULTING DEFENDANT—SCOPE OF REVIEW.—A defaulting defendant is not entitled to a new trial because appealing from the interlocutory decree, nor to have any bill of exceptions settled or certification of evidence; but the only question that can be considered on such appeal is a legal one, and the appellate court is limited in its examination to any questions arising upon the judg-

ment-roll, consisting of the papers mentioned in subdivision 1 of section 670 of the Code of Civil Procedure.

ID.—EFFECT OF EVIDENCE APPEARING IN RECORD TO SUSTAIN DECREE.—Although the defendant is not entitled to have the evidence reviewed, yet it is noticeable that the evidence inserted in the transcript is amply sufficient to sustain the interlocutory decree, and was fully corroborated by other witnesses in every essential feature as to the ground of extreme cruelty on which the decree for the plaintiff was based.

ID.—WAIVER OF OBJECTIONS TO EVIDENCE.—Where no objection was made by the appellant to the evidence, nor any exception taken to its admission, he cannot complain of its admission on appeal.

APPEAL from an interlocutory decree of the Superior Court of the City and County of San Francisco in an action for divorce.  E. P. Mogan, Judge.

The facts are stated in the opinion of the court.

J. E. White, for Appellant.

Fitzpatrick & Greeley, for Respondent.

KERRIGAN, J.—This is an appeal from an interlocutory decree of divorce granted the plaintiff from the defendant upon the ground of the defendant's extreme cruelty.

In due time after service of summons the defendant appeared in the action and filed a demurrer, which was overruled, and having failed to answer within the time allowed by the court's order, her default was regularly entered; whereupon the cause was placed upon the calendar, and after hearing the testimony of the plaintiff and of two corroborating witnesses, an interlocutory decree of divorce was regularly rendered and entered.

The defendant urges four grounds upon which she seeks a reversal of the judgment, all of which depend upon and require an examination of the evidence taken at the hearing of the case.  This, however, being an appeal from the judgment in a default case, and therefore no issue of fact having been raised by the pleadings, the defendant was not entitled to have the testimony incorporated in the transcript (Code Civ. Proc., secs. 650, 670, 953a; Spelling on New Trial and Appellate Practice, sec. 3) ; and the mere fact that the evi-

dence is inserted in the record here does not warrant the court in reviewing or considering it for any purpose. (*Sutton* v. *Symons,* 97 Cal. 475, [32 Pac. 588]; *Thomson* v. *Thomson,* 121 Cal. 11, 12, [53 Pac. 403]; *Lane* v. *Tanner,* 156 Cal. 135, 138, [103 Pac. 846].)

The defendant concedes that, as a general rule, these propositions are true, but she contends, on the other hand, that, as section 130 of the Civil Code provides that the court shall, in defaults in divorce causes, require proof of the facts alleged before granting the relief, the law thereby raises an issue of fact, and consequently provides for a trial. But the contrary of this was expressly held in the case of *Foley* v. *Foley,* 120 Cal. 33, 37, [65 Am. St. Rep. 147, 52 Pac. 122]. There the defendant defaulted, and the court, after the hearing required by the statute, made a decree of divorce. Subsequently the defendant moved for a new trial, and his motion was denied. He appealed from the judgment and from the order denying his motion for a new trial. The supreme court, in refusing to entertain the appeal from the order denying a new trial, said: "A new trial is a re-examination of an issue of fact . . . ; and unless such an issue has been raised and tried, there is nothing which can be reviewed by this method." There, as here, the defendant contended that in divorce cases there was always of necessity a trial of issues of fact; that the law raises such issues whether the defendant answer or not; but this the court declared to be a misapprehension of the effect of section 130 of the Civil Code, and in referring to that section said: "The effect of that provision is not to raise issues of fact, nor to constitute the taking of proof submitted by plaintiff in cases where the defendant has not answered a 'trial,' as those terms are used in the provisions relating to new trials. Such an issue arises only where a material averment of fact is made on the one side and is controverted upon the other (Code Civ. Proc., secs. 588, 590); and the re-examination provided for in section 656 is when there has been a trial of such an issue."

We think it clearly appears from the reasoning of that case that a defendant who has defaulted is not entitled to a new trial, nor to have a bill of exceptions settled, nor the certification of the evidence "in lieu" thereof, both of which proceedings are intended to review issues of fact "after a

trial." Here, as we have seen, there were no issues of fact and no trial. Where a defendant fails to answer, the only question that can arise upon an appeal is a legal one, and the appellate court is limited in its examination in such a case to the judgment-roll, i. e., the papers mentioned in subdivision 1 of section 670 of the Code of Civil Procedure.

The defendant knew of the entry of the default at or about the time it was made; and we are unable to perceive why, if she desired to contest the action, she did not seek relief under the provisions of section 473 of the Code of Civil Procedure.

Turning, now, from this preliminary objection interposed by plaintiff to the propositions advanced by the defendant, these propositions involve the sufficiency of the evidence to support the judgment, and some purely formal objections to the admission of evidence. As we have seen above, the evidence is not legally before us; from which it follows that the defendant is not entitled to have any point reviewed by this court which involves a resort to the record of such evidence. Nevertheless, we have considered these points, and are satisfied that they are without substantial merit. The evidence is amply sufficient to sustain the decree. It shows that the plaintiff resided in the city and county of San Francisco, the place where the action was brought, for more than one year prior to its commencement; that defendant's treatment of the plaintiff caused him grievous mental suffering, and the evidence given by the plaintiff was corroborated by other witnesses in every essential feature.

The other points urged by defendant all concern the admission of evidence, and the simple and complete answer is that no objection having been made at the trial to the admission of such evidence, defendant cannot now be heard to complain. (Code Civ. Proc., sec. 646; *Randall* v. *Freed,* 154 Cal. 299, [97 Pac. 669]; *Bullard* v. *Stone,* 67 Cal. 477, [8 Pac. 17]; *Roper* v. *McFadden,* 48 Cal. 346.)

The judgment is affirmed.

Hall, J., and Lennon, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 1, 1912.