[Civ. No. 15328.   Second Dist., Div. Three.   Aug. 8, 1946.]

ALICE C. LINE, Respondent, v. F. WARREN LINE, Appellant.

724

Martin S. Ryan for Appellant.

Paul R. Hutchinson for Respondent.

KINCAID, J. pro tem.—Appeal is taken herein by the defendant from that portion of the interlocutory judgment of divorce reading as follows: "The parties having stipulated in said property settlement agreement that the application of the wife for attorney's fees and court costs be continued, and the same having been continued by them until the time of trial, and the same having been heard at this time, the Court now finds that plaintiff is entitled to her attorney's fees and court costs herein incurred and defendant is ordered to pay direct to PAUL R. HUTCHINSON, attorney for plaintiff, the sum of $2500.00, on account of said attorney's fees, and the sum of $11.50 on account of court costs, which sums are ordered paid forthwith."

Plaintiff and defendant are husband and wife. The evidence discloses that at the time of their separation on March 15, 1945, substantial grounds existed whereby plaintiff was entitled to a divorce against defendant, that she had a proper claim upon certain community property then owned by the parties and for support and suit money in event of suit. Nego-

tiations were carried on by the parties, each being adequately represented by counsel, culminating in a duly executed written property settlement agreement. Such agreement provided for a division of the community property of the parties and the amount of support moneys was fixed to the satisfaction of each party thereto. As to the subject of attorney's fees and court costs to which the plaintiff might be entitled in any subsequent action for divorce, such agreement provided as follows: "It is agreed that both wife and husband have each had the independent legal advice of an attorney of their own choosing, and that Paul R. Hutchinson is the attorney for the wife. It is further understood that in any action for divorce such as the wife is about to file and maintain, she would be entitled to demand and receive attorney's fees and court costs to be paid by the husband with which to prosecute said action, but that if the same were done it would be necessary to make a preliminary application for the same prior to the trial or default hearing on the merits of said action which would be an unnecessary delay and inconvenience to the parties. It is therefore stipulated and agreed by the husband that no such preliminary application need be made and that the application for attorney's fees and court costs by the wife may be continued to the time of trial or default hearing, and no objection or exception shall be taken at that time to the request for attorney's fees and court costs by virtue of the fact that no such preliminary application was made, and it is further agreed that if, in the meantime, the parties have not agreed and settled upon the amount of attorney's fees, the Court shall at that time determine and fix the amount of attorney's fees to be paid by the husband, the same as if application had been made for the same in the beginning of the action, and order the husband to pay the same, and he agrees to pay the amount so ordered by the Court. In fixing said fees, the Court shall not view the value of the services to be rendered after the hearing or in connection with the hearing, but shall fix the same for the services rendered by him to the wife in the consultation, settlement, presentation, and trial of said divorce action."

Thereafter, on August 7, 1945, the plaintiff filed her complaint against the defendant for a divorce, alleging grounds of extreme cruelty, that she was unable to pay her attorney's fees herself and that the defendant was able to do so, that prior to the filing of the action the parties had entered into

a written property settlement agreement providing for a disposition of the community property between the parties and for support moneys, that the amount of attorney's fees and court costs to be allowed plaintiff be continued to and heard at the time of the trial, and that the sum of $2,500 was and is a reasonable sum for her attorney's fees in connection with this action. In the prayer of the complaint plaintiff asked, in addition to a divorce, for approval by the court of such property settlement agreement and that defendant be ordered to pay, as and for plaintiff's attorney's fees, the sum of $2,500.

Appellant was duly served with such complaint and summons and having failed to enter any appearance his default was regularly entered and the case was set down for hearing as a default divorce. At such default trial hearing the attorney for defendant appeared, although neither defendant nor any witness in his behalf was present. Defendant's attorney took no part in the proceedings, nor raised any objections to any portion thereof excepting his oral protest to the allowance of any sum as attorney's fees for plaintiff's counsel in excess of $500. He made no proffer of any evidence, asked for no continuance, nor for any permission to intervene or reopen the case, or to take any proceeding directed toward the setting aside of the defendant's default for surprise or upon any other ground. Evidence was adduced relative to the income of the defendant, the amount of property involved in the action, and as to the extent of the legal services which were rendered by plaintiff's counsel. The court permitted the defendant's attorney to state his objections to the amount to be allowed as such attorney's fee, as a friend of the court, and following the conclusion of such hearing allowed the sum of $2,500 as attorney's fees for plaintiff's counsel.

Defendant now complains that the trial court erred in refusing to allow him to present evidence at the default hearing as to his financial ability to pay any attorney's fees for the services rendered by his wife's attorney, and her financial necessity therefor. The record fails to disclose any request by defendant, through his counsel or otherwise, for permission of the court to present any evidence whatsoever. In any event the defendant had previously been served with summons and complaint and was fully advised thereby that the plaintiff sought an order by the court for defendant to pay plaintiff's counsel fees in the sum of $2,500 in such action. Defendant took no objection to such complaint, either by

demurrer or answer, and his default was regularly entered thereto. He therefore must be deemed to have waived any objection to the contents of the complaint, excepting only as to its legal sufficiency and to the jurisdiction of the court. (Code Civ. Proc., § 434.) The mere fact that defendant had previously stipulated in writing that the amount which he should be ordered to pay plaintiff as attorney's fees should be continued to and be determined by the court at the time of trial, gave defendant no additional rights of objection.

■ Defendant questions the jurisdiction of the trial court to make any order whatsoever for attorney fees for plaintiff's counsel because of the fact that, as a part of the property settlement agreement, the parties agreed that the court might fix and determine at the trial, or default hearing, the amount of such fees to be paid by the husband. Defendant cites in support of this theory, *McCahan* v. *McCahan* (1920), 47 Cal. App. 173 [190 P. 458], and other cases holding that an agreement in advance and in anticipation of a divorce being brought, to pay certain counsel fees and costs, may operate to facilitate a dissolution of the marriage tie and, such being its effect, is void as *contra bonos mores*. Not only does the instant case factually differ, in that no amount was stipulated in the agreement which might attempt to limit defendant's liability for future fees and costs, but, as is pointed out in the McCahan case, an agreement to allow the court to determine the amount of attorney's fees to be paid by a husband for legal services rendered to a wife in a divorce action brought against him by her, only stipulates to the legal rights already possessed by the wife under the provisions of the Civil Code (§§ 137, 137.5). ■ The matter of compelling the husband to pay the wife any money necessary to prosecute or defend the cause is a matter solely within the court's discretion and any agreement purporting to otherwise settle such matter is subject to an examination by the court. (See *Steinmetz* v. *Steinmetz* (1924), 67 Cal.App. 195 [227 P. 713].)

The defendant contends that, irrespective of the validity of the agreement concerning such attorney's fees, in the absence of an order to show cause being served upon the defendant and a stipulation entered in the minutes of the court to continue the matter of the fixation of all attorney fees and costs to the time of trial, no allowance may be made for the past services which were included by the court in its fee

award. ■ It is true that, in the absence of the defendant's consent, an allowance of attorney fees may not be made for past services (*Kyne* v. *Kyne* (1945), 70 Cal.App.2d 80, 95 [160 P.2d 910]; *Dixon* v. *Dixon* (1932), 216 Cal. 440, 443 [14 P.2d 497]; *Brockmiller* v. *Brockmiller* (1943), 57 Cal.App. 2d 623, 626 [135 P.2d 184]), but when consent is given such allowance may be made. ■ The stipulation or agreement of the defendant consenting to the deferment of the fixation of attorney fees to the time of trial waives this objection and the trial court may properly consider all legal services, both past and present, rendered to the wife by her attorney in ascertaining and allowing a reasonable fee therefor. Such consent may be manifested by an oral stipulation made in open court to continue the matter of the payment by the defendant of the wife's attorney fees to the time of trial (*Kyne* v. *Kyne, supra*, p. 128; *Brockmiller* v. *Brockmiller, supra*, p. 626; *Meyer* v. *Meyer* (1921), 184 Cal. 687, 690 [195 P. 387]; *Farrar* v. *Farrar* (1919), 41 Cal.App. 452, 456 [182 P. 989]), or by a writing whereby the defendant stipulates that this might be done. (*Newlands* v. *Superior Court* (1916), 171 Cal. 741 [154 P. 829].) As was said in this latter case (p. 745): ''The objection that an allowance of such attorneys' fees cannot be made after the services have actually been rendered, which objection is based upon the declarations in *Mudd* v. *Mudd*, 98 Cal. 320, 322, [33 P. 114]; *Loveren* v. *Loveren*, 100 Cal. 493, [35 P. 87], and *Lacey* v. *Lacey*, 108 Cal. 45, [40 P. 1056], is entirely obviated by force of the circumstance that in this case the husband did not object, but stipulated in writing his consent that this might be done. As the husband is the only person whose rights could be injuriously affected by such an order, his consent thereto removes any possible difficulty in the way of its legality and enforcement.'' The defendant herein, having specifically agreed in writing that the court's order might cover both past and present legal services, is in no position to now enter such a belated objection.

■ Defendant asks us to review the sufficiency of the evidence to support the allowance of a fee of $2,500. This ground of appeal is not available to an appealing defendant whose default has been taken. Such a defaulting appellant must confine his attack to the consideration of jurisdiction or of the sufficiency of the pleadings. (*Reed Orchard Co.* v. *Superior Court* (1912), 19 Cal.App. 648, 662 [128 P. 9, 18];

*Crackel* v. *Crackel* (1911), 17 Cal.App. 600 [121 P. 295]; *San Gabriel Valley Bank* v. *Lake View Town Co.* (1906), 4 Cal.App. 630, 633 [89 P. 360]; *Lester* v. *Beer* (1946), 74 Cal.App.2d Supp. 984, 987 [168 P.2d 998].) The amount of such fees allowed by the trial court was within the scope of the complaint and the jurisdictional powers of the court were not exceeded.

The judgment is affirmed.

Shinn, Acting P. J., and Wood, J., concurred.

A petition for a rehearing was denied September 5, 1946.