[Civ. No. 8092. Third Dist. Jan. 9, 1952.]

DOLORES LUKASIK, Respondent, v. WILLIAM M. LUKASIK, Appellant.

Anderson & Peck for Appellant.

Don C. Mayes and George C. Barrett for Respondent.

VAN DYKE, J.—This is an appeal from a default judgment of the Superior Court of Merced County awarding an interlocutory decree of divorce to respondent, Dolores Lukasik, and

also from an order of the court denying appellant's motion to set aside the judgment and default and permit appellant to file an answer and cross-complaint. The divorce action was commenced on August 21, 1950. The complaint was amended October 8th following to substitute specific allegations of cruelty for the general allegations contained in the complaint as filed. The relief sought by respondent's pleading was a divorce, based upon extreme cruelty, custody of two minor male children then 6 and 5 years old, respectively, and a division of the community property belonging to the parties. The appellant did not appear in the action although served shortly after the filing of the complaint, and on February 8, 1951, his default was entered. On April 12, 1951, respondent presented her evidence in support of her allegations to the trial court and on April 20th following an interlocutory decree of divorce was entered. The community real property of the parties was divided equally between them. Respondent received, in addition, the furniture and furnishings in the family residence. The decree further divided equally the farm machinery, equipment, and all of the other personal property. Custody of the two minor children was awarded to respondent, Dolores, with reasonable right of visitation accorded to appellant. He was also directed to pay respondent $100 per month for her support and an additional $100 per month for the support of the minor children. He was further ordered to pay an additional sum of $100 to respondent's attorney for his services in the action.

Thereafter, on May 3d, appellant served and filed a notice of motion to set aside the judgment. Affidavits in support of and in opposition to the motion were filed by the respective parties and the matter submitted to the court after oral argument. The court denied the motion, declaring in a memorandum opinion which has been brought up that appellant had been guilty of inexcusable neglect in failing to appear.

Upon an appeal from an order refusing to set aside a judgment by default all presumptions are in favor of the order of the trial court. (*Security Loan & Trust Co.* v. *Estudillo*, 134 Cal. 166, 169 [66 P. 257]; *Brainard* v. *Brainard*, 82 Cal.App.2d 478 [186 P.2d 990].) "In all matters in which an issue is tried upon affidavits it is the rule that those favoring the contentions of respondent establish not only the facts stated therein but also all facts which may be reasonably inferred therefrom." (*Brainard* v. *Brainard*, *supra*, 480-481.) Applying these rules we find that the

affidavits upon which the motion to set aside the default judgment was submitted established the following: Approximately six months elapsed between the time the complaint was served upon appellant and the time when his default was taken. During this period appellant was represented by attorneys, not his present counsel. On September 15, 1950, a temporary order was made by the trial court granting custody of the minor children to respondent. In October the complaint was amended, as before noted, and filed with the consent of appellant's counsel. On January 19, 1951, appellant was brought before the court on an order to show cause why he should not be punished for failure to obey the support order and during the hearing, the trial court having inquired as to why the case was not ready for trial, appellant's counsel answered that within a very short time they would have an answer and cross-complaint on file and had every confidence that the trial could be set shortly. Appellant's counsel were repeatedly asked to file an answer and finally were given a "deadline" of February 5, 1951, the clear intimation being that if the pleadings were not in by that time a default would be taken. They prepared an answer and had it ready for signature on February 6th, whereupon appellant informed them that he desired the assistance of other counsel and he did not verify the pleadings. The default was taken February 8th. The cause was not presented on default to the trial court until two months more had elapsed, during which time no steps were taken to obtain leave to file an answer or cross-complaint. Appellant seeks to excuse the obvious failure to exercise his rights to contest respondent's cause by averring that he was engaged during the long intervening period between the service upon him of the complaint and the entry of the interlocutory decree in attempting to negotiate a settlement. Undoubtedly such negotiations did take place, but unless accompanying such negotiations there is something in the nature of at least an oral stipulation that pleadings need not be filed and that a default will not be taken, or in the absence of something from which such an agreement can be implied, so that it can be said that the taking of the default amounted to a breach of faith, the negotiation proceedings do not excuse the failure to proceed with due diligence in the filing of pleadings. Although appellant argues that such a showing was here made, the affidavits of respondent and her counsel negative this showing and the court was therefore justified in concluding, as it declared in the memorandum opinion filed in response

to the motion, that the case presented was one in which the client took over the management of the case from his attorneys and by "preventing his attorneys from filing an answer and regardless of demands of opposing counsel that an answer be filed and without any request of the Court for further time" was successful in preventing the cause from coming to trial for a considerable time. All of this the court justifiably held to be without lawful excuse. The most that can be said in favor of appellant upon this aspect of the appeal is that by the affidavits he filed in support of his motion he presented an issue of fact which the trial court resolved against him. Such an order will not be disturbed on appeal unless a clear abuse of discretion is shown. The record here falls far short of such a showing and the order appealed from must be affirmed.

Appellant further contends on his appeal from the judgment that the evidence given at the hearing of the cause was insufficient to support the judgment appealed from, that the award of custody of the children to the respondent was an abuse of the court's discretion and that the court had no power to award further attorneys' fees. ■ On an appeal from the judgment rendered on default a review of the sufficiency of the evidence is not available. (*Line* v. *Line,* 75 Cal.App.2d 723, 728 [171 P.2d 733].) There the court said: "Defendant asks us to review the sufficiency of the evidence to support the allowance of a fee of $2,500. This ground of appeal is not available to an appealing defendant whose default has been taken. Such a defaulting appellant must confine his attack to the consideration of jurisdiction or of the sufficiency of the pleadings. (*Reed Orchard Co.* v. *Superior Court* (1912), 19 Cal.App. 648, 662 [128 P. 9, 18].)" ■ Nor is this rule affected by the fact that appellant has succeeded in filing in connection with this appeal a reporter's transcript showing the evidence taken by the trial court at the default hearing. In *Crackel* v. *Crackel,* 17 Cal. App. 600, 601-602 [121 P. 295] (hearing denied by Supreme Court), the court said: "The defendant urges four grounds upon which she seeks a reversal of the judgment, all of which depend upon and require an examination of the evidence taken at the hearing of the case. This, however, being an appeal from the judgment in a default case, and therefore no issue of fact having been raised by the pleadings, the defendant was not entitled to have the testimony incorporated in the transcript . . .; and the mere fact that the evidence is inserted in the record here does not warrant the court in reviewing or considering it for any purpose. (*Sutton* v. *Sy-*

*mons*, 97 Cal. 475 [32 P. 588] ; *Thomson* v. *Thomson*, 121 Cal. 11, 12 [53 P. 403] ; *Lane* v. *Tanner*, 156 Cal. 135, 138 [103 P. 846].)'' See, also, *Reeves* v. *Reeves*, 34 Cal.2d 355 [209 P.2d 937]. ██ But appellant argues that in divorce actions the appellate court can review the evidence taken for the reason that section 130 of the Civil Code provides that ''No divorce can be granted . . . upon the uncorroborated statement'' of the parties and appellant then argues that the record as presented by him here discloses that there was no sufficient corroboration and that, therefore, the court lacked jurisdiction to enter the decree appealed from. The contention is answered by *Crackel* v. *Crackel, supra,* pp. 602-603, as follows:

''The defendant concedes that, as a general rule, these propositions are true, but she contends, on the other hand, that, as section 130 of the Civil Code provides that the court shall, in defaults in divorce causes, require proof of the facts alleged before granting the relief, the law thereby raises an issue of fact, and consequently provides for a trial. But the contrary of this was expressly held in the case of *Foley* v. *Foley,* 120 Cal. 33, 37 [52 P. 122, 65 Am.St.Rep. 147]. . . .

''We think it clearly appears . . . that a defendant who has defaulted is not entitled to a new trial, nor to have a bill of exceptions settled, nor [to] the certification of the evidence 'in lieu' thereof, both of which proceedings are intended to review issues of fact 'after a trial.' Here, as we have seen, there were no issues of fact and no trial. Where a defendant fails to answer, the only question that can arise upon an appeal is a legal one, and the appellate court is limited in its examination in such a case to the judgment-roll, i. e., the papers mentioned in subdivision 1 of section 670 of the Code of Civil Procedure.

. . . . . . . . . . . . .

''. . . The evidence is not legally before us.''

Notwithstanding the foregoing, we have been at pains to consider the contentions of appellant as though they were properly before us and to that end have examined the reporter's transcript which has been filed herein. We are satisfied from such examination that the points argued by appellant are without merit.

The judgment and order appealed from are affirmed.

Adams, P. J., and Peek, J., concurred.

A petition for a rehearing was denied January 31, 1952.