[Civ. No. 19452.   Second Dist., Div. Two.   Sept. 28, 1953.]

ELIJAH WARREN, Respondent, v. LIZZIE WARREN, Appellant.

Edward S. Cooper for Appellant.

Gladys Towles Root and Joseph M. Rosen for Respondent.

FOX, J.—Defendant wife appeals from an interlocutory judgment of divorce granted to plaintiff after a default hearing, and from an order denying her motion to vacate said judgment.

In his complaint for a divorce on the grounds of extreme cruelty, filed on May 22, 1952, plaintiff alleged the existence of community property consisting of household furniture and furnishings and a designated piece of real property. In addition to asking that a divorce be granted and costs of the suit awarded him, plaintiff prayed ''For an equitable division of the community property'' as well as ''For such other and further relief as to the court may seem just and equitable.'' Defendant's default was entered on June 13, 1952. The matter was heard on July 1, 1952, resulting in an interlocutory decree of divorce for plaintiff. The judgment also awarded all of the claimed community property (the house and its furniture) to plaintiff, ordered defendant to move out of the residence forthwith, and restrained defendant from molesting plaintiff.

On July 15, 1952, defendant made a motion to vacate the interlocutory judgment and petitioned to file her appended answer and cross-complaint. These papers were prepared by her former attorney. The notice of motion, which failed to state any grounds on which it was based, was submitted upon supporting affidavits and the files and records of the case. It may also be noted that the motion contained no request that the default be set aside, although this may be implied from the petition to file a proposed answer and cross-

complaint. The matter was heard upon defendant's affidavit and proposed answer and cross-complaint, and upon the counteraffidavits of plaintiff's counsel and the latter's secretary, Ruby Cassiday. On July 30, 1952, the court denied defendant's motion to set aside and vacate the default judgment and for leave to file an answer and cross-complaint. Defendant appeals from this order, and from the interlocutory judgment.

■ Defendant attacks the judgment on the ground that the evidence is insufficient to support it. Since this is a default judgment that question may not be raised on appeal. In *Lukasik* v. *Lukasik,* 108 Cal.App.2d 609 [239 P.2d 497], it is pointed out (p. 613) that ''On an appeal from the judgment rendered on default a review of the sufficiency of the evidence is not available.'' (*Line* v. *Line,* 75 Cal.App.2d 723, 728 [171 P.2d 733]; *Reed Orchard Co.* v. *Superior Court,* 19 Cal.App. 648, 662 [128 P. 9, 18].) This rule is not affected by the fact that defendant has filed in connection with this appeal a reporter's transcript of the evidence produced before the trial court at the default hearing. (*Lukasik* v. *Lukasik, supra*; *Crackel* v. *Crackel,* 17 Cal.App. 600, 601-602 [121 P. 295].)

Defendant challenges the judgment on the theory that the relief granted exceeds that requested in the complaint since all the community property was awarded to plaintiff under a prayer demanding an equitable division thereof. ■ In this connection it must be borne in mind that the complaint charges cruelty. Upon this charge being sustained it was within the trial court's discretion to award all the community property to plaintiff as the innocent spouse. (*Nelson* v. *Nelson,* 100 Cal.App.2d 348, 350 [223 P.2d 636]; *Barham* v. *Barham,* 33 Cal.2d 416, 431 [202 P.2d 289].) We must assume that under the evidence such a distribution of the property appeared equitable to the trial court. There was ample foundation therefor both in the law and in the prayer.

■ There are, however, two aspects of the interlocutory decree for which there is no foundation either in the allegations of the complaint or in the prayer. These are: (1) the order that defendant move from the real property ''forthwith''; and (2) the restraining order. These unauthorized orders, however, do not require a reversal of the judgment. The problem can be adequately met by striking them from the decree. (*Viera* v. *Viera,* 107 Cal.App.2d 179 [236 P.2d 630].)

In her affidavit in support of her motion to vacate the judgment, defendant states that at a conference between her-

self and plaintiff and his attorney an oral agreement was made for the disposition of their community property; that plaintiff's attorney was to draw the necessary papers to carry out that agreement and that nothing would be done until the papers were delivered to her and agreed upon. No such papers were ever presented to her.

The affidavits, however, of plaintiff's attorney, Mrs. Root, and her secretary present a very different picture. The secretary states that on the day following the filing of the complaint she received a telephone call from a woman who identified herself as Lizzie Warren, the defendant. In the course of the conversation the secretary advised defendant that if she did not have an attorney she should get one; that she had 10 days to answer. Defendant stated, however, among other things, that "she did not need an attorney."

Mrs. Root's affidavit reveals that she held two conferences at which the defendant was present. At the first of these only Mrs. Root and defendant were present; at the second plaintiff was also there. At the first conference defendant stated that if "the plaintiff wanted the divorce and wanted the property she didn't want anything. . . ." Arrangements were then made for the second conference. In response to counsel's inquiry of defendant, at the latter conference, whether she had discussed a settlement with plaintiff relative to their community interests, she replied: "I will not fight with him. If Elijah Warren wants everything he can have it. I will not come again and I will not go to court. I can live well without him." Mrs. Root then advised defendant that "if she . . . did not obtain counsel and file an answer and be heard in court . . . she would lose everything, and by her nonappearance she would agree that he could take everything by order of court." Mrs. Root also explained to defendant that by reason of her attitude she, Mrs. Root, would not proceed with the preparation of a property settlement agreement and "advised defendant to obtain an attorney immediately to represent her," and further stated to defendant that "she had but ten days to answer the . . . complaint and if she did not do so within that time the plaintiff would take a default . . . against her and she would, therefore, not be able to claim any rights [or] property . . . ." Defendant did not employ counsel and in due time her default was entered and the case was heard as an uncontested matter. It is the ensuing judgment that defendant seeks to have vacated.

██ We must assume in support of the order that the trial court resolved the conflict in the affidavits of the defendant and Mrs. Root, relative to a property settlement agreement between plaintiff and defendant, against the defendant. (*Doak* v. *Bruson*, 152 Cal. 17, 19 [91 P. 1001] ; *Gardner* v. *Gardner*, 72 Cal.App.2d 270, 271 [164 P.2d 500].) Thus defendant failed to prove fraud on the part of plaintiff or his counsel.

██ It is also clear that defendant was repeatedly told to get an attorney and that she was advised of the consequences if she did not do so. Defendant, therefore, failed to establish any impelling reason why her motion should be granted under Code of Civil Procedure, section 473. (*Davidson* v. *Davidson*, 90 Cal.App.2d 809, 819 [204 P.2d 71] ; *Trujillo* v. *Trujillo*, 71 Cal.App.2d 257, 260 [162 P.2d 640].)

██ It is elementary that such an order will not be reversed in the absence of a clear showing of an abuse of discretion by the trial court. (*Warren* v. *Warren*, 2 Cal.App.2d 171 [36 P.2d 465] ; *Mills* v. *Mills*, 101 Cal.App. 248 [281 P. 707].) No abuse of discretion is here shown.

It is ordered that the judgment be modified by striking therefrom the paragraphs which ordered that: (1) "the defendant is restrained from molesting the Plaintiff" and (2) "the defendant move from the real property . . . forthwith." As so modified the judgment is affirmed. Also, the order denying defendant's motion to vacate the judgment is affirmed. Each party will bear his own costs on appeal.

Moore, P. J., and McComb, J., concurred.

A petition for a rehearing was denied October 19, 1953.