[Civ. No. 31873.   Second Dist., Div. One.   Mar. 19, 1968.]

ANNA G. BAKER, Plaintiff and Respondent, v. ROBERT L. BAKER, Defendant and Appellant.

Del Wells for Defendant and Appellant.

Schuman, Novak & Cooper and Ronald Harrison Cooper for Plaintiff and Respondent.

FOURT, J.—Robert L. Baker appeals from the interlocutory judgment of divorce granted to his wife upon his default and from the court's order denying his motion to set aside that judgment.

Anna G. and Robert L. Baker were married in 1963 and on June 3, 1966, Anna filed a complaint for divorce alleging, among other things, extreme cruelty on the part of Robert, and that there were no children. She requested neither support nor alimony, but she did allege the existence of community property including two automobiles and she disclosed that there was an interest in a single family residence in which she had "invested the sum of $2,300 of her separate funds." She listed no community debts and prayed that the community property be distributed "pursuant to law and in such equitable manner as the Court deems proper" and further that her husband be ordered to repay to her the sum of $2,300 originally invested in the real property. The court awarded her certain personal property and ordered her husband to repay the $2 300 as requested, but made no disposition of the residence which was held in joint tenancy.

Although appellant was personally served on June 17, 1966, he failed to appear and the interlocutory judgment was entered after a default hearing. On February 10, 1967, appel-

lant moved the court to relieve him of the default upon the grounds of his mistake, inadvertence, surprise and excusable neglect. Although he specified no statutory authority, these are the grounds delineated under Code of Civil Procedure, section 473. Appellant declared in support of this motion that after he was served with summons and complaint he consulted his wife's attorney who led him to believe that if he did not acquiesce in his wife's demands prior to trial he would be entitled to a hearing on the merits and that the court had no jurisdiction to dispose of the family residence which was held in joint tenancy. He further declared in substance that he had received no notice of the default hearing, that he was not aware of the court's authority to make certain property dispositions and that he was displeased with the property distribution in several respects.

Anna's responding declaration, which was uncontradicted, pointed out that appellant had been personally served on June 17, 1966, that he had refused her offer of June 30, 1966, to accept as full consideration for the quitclaim of her interest in the real property a payment of only a portion of her loan to the community, and that her attorney on July 25, 1966, had written to appellant "If we are unable to reach settlement within the next five (5) days and you have not appeared in the action, your default will be taken and we shall proceed to trial."

Appellant's default was entered on August 26, 1966, and the case was heard as a default matter on September 13, 1966. On February 27, 1967, the court heard appellant's motion to set aside the default decree and on March 8, 1967, his motion was denied. In its Memorandum of Decision the court observed: "It would appear that although there may have been some confusion in the defendant's mind as to what was meant by the phrase 'we shall proceed to trial,' his neglect in doing absolutely nothing in response . . . to the warning letter of July 25th can hardly be classified as excusable even in a divorce action. Further, it does not appear that the relief sought and received by plaintiff can be classified as oppressive or unfair under the circumstances. . . .

"Granting that sound policy favors the determination of actions on their merits, nevertheless, some showing should be made before judgments regularly entered are set aside. This court is of the view that such a showing has not been made in the instant case."

Appellant received ample notice by service of sum-

mons and complaint of the nature of the action and his wife's claims to property acquired by the parties. He was not misled into the belief that a property settlement could be achieved and it is uncontradicted that his wife's attorney notified him that his default would be entered if he failed to appear in a reasonable time once negotiations proved fruitless. Appellant made no sufficient showing of mistake, inadvertence, surprise or excusable neglect because he did not assert the existence of an oral agreement or facts from which an agreement not to take his default might be reasonably inferred. (*Lukasik* v. *Lukasik*, 108 Cal.App.2d 609 [239 P.2d 497].) ▆ He was guilty of an inexcusable delay and neglect in not presenting his defense earlier and we find no abuse of discretion in the trial court's action in denying his motion to set aside the default. (*Hiltbrand* v. *Hiltbrand*, 218 Cal. 321 [23 P.2d 277].)

Insofar as the interlocutory judgment is concerned, appellant is entitled to attack the default decree only upon the basis of lack of jurisdiction or insufficiency of the pleadings. (*Lukasik* v. *Lukasik*, 108 Cal.App.2d 609, 613 [239 P.2d 497].)

Appellant contends that the complaint was insufficient in that it failed to allege and list the community debts; that the court exceeded its jurisdiction by determining that appellant owed his former wife the sum of $2,300 which was loaned to the community by her separate estate; that the court failed to make disposition of the family residence which the couple held in joint tenancy. These contentions are without merit.

▆ The complaint for divorce filed by appellant's wife asserted the grounds upon which the divorce was requested and listed the community assets, but did not list the community obligations. Appellant contends that respondent's failure to list the community debts constitutes the exercise of a fraud and deception. ▆ "A party may attack a judgment on the ground of extrinsic fraud when the conduct of the other party has deprived him of an opportunity to present his claim or defense or to obtain a fair adversary hearing." (*Orlando* v. *Orlando*, 243 Cal.App.2d 248, 251-252 [52 Cal.Rptr. 142].)

▆ Appellant did not file a complaint in equity to set aside the judgment for fraud. In any event, respondent's failure to allege facts which were clearly within the knowledge of appellant, who was personally served and had an opportunity to appear and answer does not constitute fraud. The complaint did not allege the existence of community obli-

gations and appellant therefore was not ordered to pay outstanding community debts. It is difficult to see how he was injured under the circumstances.

██ .Respondent's pleadings did, however, clearly set forth and give notice to appellant of claims she was asserting against him. One of these claims was based upon a loan which respondent made to the community early in the marriage and out of separate funds. At the default hearing respondent testified that at the time of the marriage she had $2,300 in the Lockheed Federal Credit Union. This sum the couple used as a down payment on a single family residence pursuant to an agreement that the money should be returned to Anna in weekly payments to be made from the community income. She further testified that although $2,500 of her husband's debts incurred prior to marriage were repaid from community funds, the loan she made was never repaid. Respondent further testified that she had moved out of the home, that her husband continued to reside there but failed to make the house payments and she understood that the property was in foreclosure. Under the circumstances respondent listed the residence as a community asset but stated that she was not interested in the property.

██ Although it is presumed, as appellant contends, that a residence held in joint tenancy constitutes community property when the owners are husband and wife and is thus subject to the jurisdiction of the court in divorce proceedings (Civ. Code, § 164), respondent disclaimed any interest in the property under foreclosure thus effectively rebutting the presumption that the property represented an asset to be disposed of by the court. Respondent further advised the court that the property was in foreclosure due to her husband's conduct in defaulting on mortgage payments. As a result, the court was free to disregard and assume no jurisdiction over the property.

██ The court reasonably concluded from the evidence that the agreement between husband and wife required that respondent should be reimbursed in full from appellant's earnings for her contribution from separate property. Appellant cannot be heard to claim, on the basis that the investment was lost, that respondent should share the consequences of his deliberate wrongdoing.

The judgment and order appealed from are, and each is, affirmed.

Wood, P. J., and Lillie, J., concurred.