[Civ. No. 5253. Third Appellate District.—November 10, 1934.]

D. P. WARREN, Respondent, v. KATE WARREN, Appellant.

J. R. Wilder and J. Widoff for Appellant.

Leland J. Allen for Respondent.

PULLEN, P. J.—This is an appeal from an order denying a motion to set aside the default of defendant and the judgment and interlocutory decree entered thereon in favor of plaintiff.

Plaintiff and defendant are husband and wife. On January 9, 1932, plaintiff filed an action for divorce against defendant upon the ground of desertion. Summons was served January 12, 1932, default entered June 16, 1932, and the interlocutory decree entered July 5, 1932. On October 5, 1932, a motion, which is the basis of this appeal, was filed, to set aside the default, and after hearing thereon denied.

The facts as revealed by the affidavits of the parties disclose that immediately upon being served, defendant called upon her attorney, who we may add is not the attorney who prosecuted this appeal. He immediately communicated with the attorney for plaintiff in an effort to adjust the differences between the parties. It was then understood that no default would be taken until counsel for defendant had been notified and given an opportunity to file an answer.

About May 20, 1932, the attorney for plaintiff telephoned to counsel for defendant and stated plaintiff had received information that defendant did not intend to contest the divorce action and that it was satisfactory to her that plaintiff take judgment. When defendant was informed of this statement she vigorously denied the same, which denial was communicated to the attorney for plaintiff. Thereafter, on May 28th, attorney for defendant closed his offices temporarily and went to Europe. Upon his return early in September, he found a letter from the attorney for plaintiff, under date of June 3, 1932, notifying defendant he intended to enter default of defendant, which had been done

some two weeks thereafter. Counsel for defendant then moved to set aside the default but under these circumstances we cannot say the judgment was procured by reason of surprise, inadvertence and excusable neglect on the part of defendant, nor is there any evidence of abuse of discretion on the part of the trial court in refusing to set aside the default.

From the affidavits of plaintiff it appears that the parties to this action had been separated some thirteen years, although for approximately ten years of that period they had lived in the same house. It appears also that plaintiff supported his family and educated their four children and that defendant was, at the time of the hearing, living with one of the children. It further appeared that affiant had up to June 15, 1932, supported defendant, but on the last-mentioned date he lost his position as an educator. Affiant is 72 years of age and has no property and no income other than the $8 per month, which he receives as remuneration as a private teacher. It also appears by affidavit of one Louise Warren, a daughter-in-law of plaintiff and defendant, that defendant told affiant that she (defendant) would not contest the divorce action filed by her husband, which information affiant communicated to plaintiff, D. P. Warren.

We think sufficient appears from the record to justify the order of the trial court. The order appealed from is affirmed.

Plummer, J., and Thompson, J., concurred.