[L. A. No. 1720. Department One.—March 9, 1907.]

CITY OF LOS ANGELES, Respondent, v. LOS ANGELES FARMING AND MILLING COMPANY (a corporation), Appellant.

ACTION TO DETERMINE ADVERSE CLAIMS TO REALTY—PLEADING.—The complaint in an action to determine adverse claims to real property, brought against a corporate defendant properly named and four other defendants sued by fictitious names, which alleges that the names of the defendants sued by fictitious designations were unknown to the plaintiff, that the title in fee to the land was in the plaintiff, and in the usual manner avers that the defendants, without right, make some claim thereto adversely to plaintiff's title and estate, states a cause of action under section 738 of the Code of Civil Procedure, and not under sections 749-751 of that code.

ID.—PROCEEDING UNDER SECTIONS 749-751 OF THE CODE OF CIVIL PROCEDURE.—Where the action was begun after the act of March 8, 1903, amending sections 749, 750, and 751 of the Code of Civil Procedure, took effect, the question whether or not it is a proceeding under those sections is to be determined by the terms of the sections as then amended.

ID.—JUDGMENT BY DEFAULT—EVIDENCE NOT REQUIRED.—In such an action a judgment by default against the named defendant, who had been personally served with summons, is not void for the failure of the record to show that the court heard or required evidence in proof of the plaintiff's case. No such proof was required, as the default of the defendant in an ordinary action of this character admits, so far as such defaulting defendant is concerned, the absolute verity of all the allegations of the complaint.

APPEAL from an order of the Superior Court of Los Angeles County refusing to set aside a default and judgment. M. T. Allen, Judge.

The facts are stated in the opinion of the court.

R. M. Widney, for Appellant.

W. B. Mathews, H. T. Lee, and J. R. Scott, for Respondent.

SHAW, J.—On July 24, 1903, plaintiff recovered judgment against the defendant above named. The judgment was rendered upon the default of said defendant, duly entered for its failure to appear after due personal service of summons. On October 24, 1904, more than a year afterward, the defendant served on plaintiff a notice of motion to set aside the default and judgment. The ground of the motion, as stated in the notice, was that the judgment is void on the face of the record, for want of jurisdiction. The motion was denied and the defendant appeals from the order.

The complaint states in the usual form a cause of action to determine adverse claims to real property, as provided in section 738 of the Code of Civil Procedure. The summons is in the form prescribed in section 407 of the Code of Civil Procedure. The service was made on the president of the defendant, the default was regularly entered, and the judgment was given in all respects in the regular mode provided for judgments in such actions. No ground for the motion is apparent.

The contention of the defendant is that the cause of action stated in the complaint is not an action under section 738 of the Code of Civil Procedure, but that it is a cause of action against all persons, whether known or unknown, who make any adverse claim, an action of the character authorized by sections 749, 750, and 751 of the Code of Civil Procedure, and that the entire proceeding is void because it is not in compliance with the special provisions of those sections regarding that special proceeding. We need not particularly consider the merits of the argument made in that behalf. The premises on which the argument is based are lacking. The cause of action stated is, as already said, an action under section 738. It alleges the title of the plaintiff in fee to the real property described, and in the usual manner avers that the defendants, without right, make some claim thereto adversely to plaintiff's title and estate. There are no allegations of actual, exclusive, and adverse possession by plaintiff con-

tinuously for twenty years, nor any of the special averments required in an action under section 749. The action was begun on April 25, 1903, which was after the act of March 8, 1903, amending sections 749, 750, and 751, took effect, and therefore the question whether or not it is a proceeding under those sections is to be determined by the terms of the sections as then amended. We have no doubt it was an ordinary action, and not a proceeding as in those sections authorized.

Four other persons were made defendants under the fictitious names of John Doe, Richard Roe, Jane Doe, and Mary Roe, it being alleged that their *names* were unknown to plaintiff. This does not bring the case within section 749. It is not averred that the *persons* are unknown. Nor is the action against *all* unknown persons, nor even against all persons whose names are unknown. It is against four certain persons who make adverse claim, and their true names only are unknown.

We would not be understood to intimate, by anything in this opinion, that a judgment in a proceeding under sections 749, 750, and 751, against a named defendant who was personally served with the summons, would be void if the proceedings were lacking in the respects in which it is claimed the present proceedings fail. As this is not such a proceeding, it is unnecessary to consider whether or not the alleged defects would render it void, if it was a proceeding of that character.

It is claimed that the judgment is void because the record does not show that the court heard or required evidence in proof of the plaintiff's case. This was not necessary on default in an ordinary action, where the summons is personally served, except where the taking of an account, or the proof of damages or of some other fact, is necessary to enable the court to give judgment or carry it into effect. (Code Civ. Proc., sec. 585.) Here no such proof was required. The default of the defendant in an ordinary action of this character admits, so far as such defaulting defendant is concerned, the absolute verity of all the allegations of the complaint. No amount of evidence could establish the facts more effectually for the purpose of rendering the judgment, as against such defendant.

The order is affirmed.

Angellotti, J., and Sloss, J., concurred.