[No. C015703. Third Dist. Sept. 7, 1994.]

ERNEST E. OSTLING et al., Plaintiffs and Appellants, v.
ROBERT LORING, Defendant and Respondent.

1732

## COUNSEL

Eisen & Johnston, Jay-Allen Eisen, Marian M. Johnston, Karen Leaf, Ann Perrin Farina, Haney, Ostling & McHale and Eric E. Ostling for Plaintiffs and Appellants.

Paul D. Hoskins, Simpson & Maire and Robert G. Simpson for Defendant and Respondent.

## OPINION

**BLEASE, Acting P. J.**—This is a plaintiffs' appeal from an order after judgment. The defendant failed to answer the plaintiffs' complaint and his default was entered. An ex parte hearing on the issue of damages was held, evidence taken, and a default judgment entered for damages. The trial court vacated the default judgment and set aside the default.

We conclude that the default judgment was properly vacated because the award of damages exceeded that demanded in the complaint but that a judgment in favor of plaintiffs should be entered for the maximum amount warranted by the complaint. We also conclude that defendant may not challenge the measure of damages because he failed to perfect a new trial motion and did not appeal from the default judgment. Last, we conclude that

the trial court erred in setting aside the default on the theory the plaintiffs' request for excessive damages worked a de facto amendment of the complaint; only an actual amendment of the complaint opens the default and entitles the defendant to be heard on its allegations.

We will reverse the order setting aside the default and affirm the order vacating the default judgment with directions to enter an appropriate judgment.

### FACTS AND PROCEDURAL BACKGROUND

The Ostlings filed the complaint in this action on April 12, 1991. The complaint makes the following essential allegations. The Ostlings own a described parcel of real property in Shasta County. On or about March 1988 there were 27 oak trees and 124 manzanita trees with a value subject to proof at trial, but not less than $50,000. At that time the named defendants and unnamed Doe defendants negligently, unlawfully, wrongfully and maliciously entered the property and cut down or destroyed the trees by cutting a trail by bulldozer through the property. As a result the Ostlings were damaged in an amount not less than $50,000 and are entitled to treble that amount pursuant to statute. The prayer of the complaint requests damages in the amount shown at the time of trial, but not less than $50,000, and treble those damages pursuant to statute, with interest on the entire amount at the rate of 10 percent per year from March 1988.

On December 18, 1991, the Ostlings amended the complaint naming Robert Loring as a defendant. On January 26, 1992, Loring was personally served with a summons and a copy of the complaint. On March 6, 1992, the clerk of the superior court entered Loring's default. On April 6, 1992, Loring filed a motion to set aside the default on the ground he had inadvertently overlooked the passage of the time to answer the complaint because of the press of business. On May 4, 1992, the trial court denied the motion, "without prejudice to renew."

On May 12, 1992, Loring filed a motion "to renew" the motion to set aside the default. He supported the motion with a more detailed affidavit of the various enterprises and endeavors in which he had been involved during the time in which he had to answer the complaint. He noted in his memorandum in support of the motion that the Ostlings had filled out the portion of the Judicial Council form for request for entry of default pertaining to the statement of personal injury or wrongful death damages under Code of Civil Procedure section 425.11, stating $352,155.45 in special damages,

$704,310.90 in general damages and more than $400,000 in prejudgment interest.

The matter came on for hearing on June 1, 1992, before Judge Jahr. During the hearing the court inquired about the effect of filling out the statement of damages portion of the request for default form. The Ostlings' counsel indicated the division of special and general damages was attributable to the triple damages provision of Civil Code section 3346 (hereafter section 3346).[1] The court asked why it should not set aside the default under *Lopez* v. *Fancelli* (1990) 221 Cal.App.3d 1305 [271 Cal.Rptr. 87].[2] The Ostlings' counsel noted that the case was not one for personal injuries or wrongful death to which Code of Civil Procedure section 425.11 applied and argued that the default should not be set aside merely because he had included immaterial matter in his request-for-default form. The trial court took the matter under submission.

On June 3, 1992, the trial court issued a written opinion explaining its decision to deny the motion to set aside the default. The trial court explained that in its view there was no satisfactory showing of excusable neglect. As to the damages statement, the trial court reasoned that since Loring had notice in the complaint that the Ostlings were seeking " 'at least' $50,000 to be trebled by statute" the default cannot be set aside. The opinion then says: "However, should plaintiffs seek additional damages, they will then be required to permit defendant, by stipulation or on motion, to enter the action so that he can deny the allegations and contest the claims." The Ostlings were directed to prepare an order consistent with the opinion.

The order was prepared and signed and entered by the court on July 17, 1992. In pertinent part it denies the motion to set aside the default and says

---

[1]Section 3346, in pertinent part is as follows: "(a) For wrongful injuries to timber, trees, or underwood upon the land of another, or removal thereof, the measure of damage is three times such sum as would compensate for the actual detriment, except that where the trespass was casual or involuntary, or that the defendant in any action brought under this section had probable cause to believe that the land on which the trespass was committed was his own or the land of the person in whose service or by whose direction the act was done, the measure of damages shall be twice the sum as would compensate for the actual detriment, and excepting further that where the wood was taken by the authority of highway officers for the purpose of repairing a public highway or bridge upon the land or adjoining it, in which case judgment shall only be given in a sum equal to the actual detriment."

[2]In that personal injury action the defendant failed to personally serve a statement of damages as required by Code of Civil Procedure section 425.11. This court reversed the default judgment on the ground that in a case governed by the statute such service is a prerequisite to taking a default.

"plaintiffs' provable damages at the time of the hearing on damages shall not exceed $150,000.00, exclusive of any pre-judgment interest . . . ."[3]

On December 2, 1992, an evidentiary hearing was conducted before a different judge of the superior court, Judge Lund. At the outset the court inquired whether the Ostlings were seeking anything in excess of the "cap" that Judge Jahr set forth in the ruling denying the motion to set aside the default. Their counsel asserted that they were not. Plaintiffs then adduced evidence that the cost of replacing the damaged trees exceeded $350,000.[4]

The trial court inquired whether there would be evidence presented concerning liability or culpability. The Ostlings' counsel asserted that in light of the default liability was not in issue. He argued: "[E]ven without proving up intentional [sic] or negligence, which it will either double or treble by statute, just the special statute alone, without even getting to double or treble, exceeds the 150 we're limited to in this hearing." Thereafter the trial court signed a judgment prepared by the Ostlings' counsel which recites, in pertinent part, "judgment is entered for plaintiffs [and] against [Loring] in the sum of $150,000.00 in special damages . . . ." That judgment was entered the same day. Notice of entry of judgment was served on Loring on or before December 21, 1992.

After entry of the judgment Loring filed a motion for a new trial, on the grounds, among others, of excessive damages, insufficiency of the evidence, and that the decision is against the law. In pertinent part Loring claimed that a new default hearing should be held because the evidence failed to justify a judgment for damages predicated upon replacement cost of the trees. The Ostlings filed opposition papers, but the matter was never set for hearing and no ruling was made granting or denying the motion for new trial.

On January 29, 1993, Loring filed a motion to set aside the judgment on the ground that the court had no jurisdiction to render or enter it. In his memorandum in support of the motion Loring argued that the judgment was void because it awarded relief in a "different form" than demanded in the Ostlings' complaint, because they had received "special damages." Loring

---

[3]An order denying a motion to set aside a default is not appealable; however, it may be reviewed on appeal from the default judgment. (See, e.g., *Lopez* v. *Fancelli*, supra, 221 Cal.App.3d at p. 1307, fn. 2.) No appeal was taken from the default judgment in this case.

[4]Ernest Ostling testified as follows. They purchased the parcel to build a remote secluded house, planning to subdivide it into eight 1-acre lots and one 2-acre lot, and to sell off the lots they did not use. The damage affected seven to eight of the potential lots. The damage would lower the value of the lots for development. "Well I was intending upon having one-acre parcels through here, and it would have less of a screening effect and it would tend to lessen the value of the lots."

also contended that the default should be set aside and he should be permitted to enter the action under the earlier ruling of Judge Jahr because the Ostlings had sought "additional damages."

At the hearing on the motion, on March 1, 1993, the trial court, Judge Jahr presiding, announced that it had read and considered the new trial papers and drew on that in part in reaching its tentative decision. The Ostlings' counsel conceded that the judgment reflected an adjudication of $150,000 in actual damages without regard to multiplication under section 3346. The trial court concluded that the Ostlings had materially altered their case at the default judgment hearing. It reasoned that proof of the claim as pled required proof of at least $50,000 damages, and to exceed that sum required additional evidence to warrant the "additional remedy" of trebling under the statute, which was not presented. Loring could have elected to default on the ground that he was liable for $50,000 in damages confident that there was no way that the Ostlings could prove the predicate facts to warrant trebling. "I don't believe I have any alternative other than to grant the relief prayed and that will be the order." The Ostlings appeal from the ensuing order.

## DISCUSSION

### I

### *The Order Vacating the Judgment*

 The Ostlings contend the trial court erred in granting the defendant's motion to vacate the judgment. They argue that the "variance between the way damages were prayed and the way they were awarded did not justify setting the judgment aside." The argument is unpersuasive.

In a default proceeding, as here involving an action other than one arising upon contract or a judgment for the recovery of money or damages only, the plaintiff "may apply to the court for the relief demanded in the complaint; the court shall hear the evidence offered by the plaintiff, and shall render judgment . . . for such sum (not exceeding the amount stated in the complaint . . .), as appears by such evidence to be just." (Code Civ. Proc., § 585, subd. (b).)[5] The trial court's jurisdiction to award damages is controlled by the complaint. "The relief granted to the plaintiff . . . cannot

---

[5]Section 585 reads in pertinent part:

"Judgment may be had, if the defendant fails to answer the complaint, as follows:

". . . . . . . . . . . . . . . . . . . . . . . . .

"(b) In other actions, if the defendant has been served, other than by publication, and no answer, [or other response] has been filed with the clerk or judge of the court within the time specified in the summons, or such further time as may be allowed, the clerk, or the judge if

exceed that which [is] demanded in [the] complaint" but may include "any relief consistent with the case made by the complaint and embraced within the issue." (Code Civ. Proc., § 580.)

In *Becker* v. *S.P.V. Construction Co.* (1980) 27 Cal.3d 489, 492 [165 Cal.Rptr. 825, 612 P.2d 915], the complaint sought damages "in excess of $20,000," punitive damages of $100,000, and costs. A default judgment was rendered for $26,457.50 compensatory damages, $2,500 attorney fees, and costs. The Supreme Court affirmed the order vacating the judgment, concluding that it could not be saved on the theory it did not exceed the aggregate damages alleged in the complaint. It said: "Here, the specific amount of damages alleged in the complaint was $20,000. Accordingly, the trial court exceeded its jurisdiction under [Code of Civil Procedure.] section 580[6] insofar as it awarded damages in excess of that amount. It is irrelevant that the award of damages was within the total amount of compensatory and punitive damages demanded in the complaint. Since compensatory and punitive damages are different remedies in both nature and purpose, a 'demand or prayer for one is not a demand legally, or otherwise, for the other, or for both.' (*Gudarov* v. *Hadjieff* (1952) 38 Cal.2d 412, 417 [240 P.2d 621].)" (*Becker, supra*, 27 Cal.3d at pp. 494-495.)

The Ostlings' complaint prays for $50,000 in actual damages and "treble said damages pursuant to statute . . . ." The reference to statute embraces both $100,000 in mandatory statutory damages pursuant to section 3346 and $150,000 in discretionary statutory damages pursuant to section 3346 or to Code of Civil Procedure section 733.[7] The enhanced damages under either statute are penal and punitive. (See, e.g., *Drewry* v. *Welch* (1965) 236

---

there is no clerk, upon written application of the plaintiff, shall enter the default of the defendant. The plaintiff thereafter may apply to the court for the relief demanded in the complaint; the court shall hear the evidence offered by the plaintiff, and shall render judgment in his or her favor for such sum (*not exceeding the amount stated in the complaint* or in the statement required by Section 425.11), as appears by such evidence to be just. If the taking of an account, or the proof of any fact, is necessary to enable the court to give judgment or to carry the judgment into effect, the court may take the account or hear the proof, or may, in its discretion, order a reference for that purpose. If the action is for the recovery of damages, in whole or in part, the court may order the damages to be assessed by a jury; or if, to determine the amount of damages, the examination of a long account is involved by a reference as above provided." (Italics added.)

[6]Section 580 is as follows: "The relief granted to the plaintiff, if there be no answer, cannot exceed that which he shall have demanded in his complaint; but in any other case, the court may grant him any relief consistent with the case made by the complaint and embraced within the issue."

[7]Section 733 is as follows: "Any person who cuts down or carries off any wood or underwood, tree, or timber, or girdles or otherwise injures any tree or timber on the land of another person, or on the street or highway in front of any person's house, village, or city lot, or cultivated ground; or on the commons or public grounds of any city or town, or on the

Cal.App.2d 159, 172-173 [46 Cal.Rptr. 65].) Under *Becker* the Ostlings' complaint will not support a default judgment awarding $150,000 in "special," i.e., actual, damages.

The Ostlings would distinguish *Becker* on the ground that its reasoning should not be extended to statutory damages that are not left to the discretion of the trial court. (See generally, *Beeman* v. *Burling* (1990) 216 Cal.App.3d 1586, 1597-1598 [265 Cal.Rptr. 719].) They note that an award of ordinary punitive damages is "never automatic"; regardless of default the decision remains subject to the discretion of the court. They suggest that the court has no discretion as to punitive damages under section 3346.

We will assume that the distinction between mandatory and discretionary damages is valid. The assumption is unavailing. A statute prescribing penal damages does not necessarily prescribe mandatory penal damages. Although an award of double the actual damages is mandatory under section 3346, the court retains discretion whether to triple them under that statute or Code of Civil Procedure section 733.

■ "So, the effect of section 3346 as amended, read together with section 733, is that the Legislature intended, insofar as wilful and malicious trespass is concerned under either section, to leave the imposition of treble damages discretionary with the court, but to place a floor upon that discretion at double damages which must be applied whether the trespass be wilful and malicious or casual and involuntary, etc. There are now three measures of damages applicable to the pertinent types of trespass: (1) for wilful and malicious trespass the court may impose treble damages but *must* impose double damages; (2) for casual and involuntary trespass, etc., the court *must* impose double damages; and (3) for trespass under authority actual damages." (*Drewry* v. *Welch*, *supra*, 236 Cal.App.2d at p. 181, fn. omitted, original italics.)

■ For this reason the default judgment awarding $150,000 in *actual* damages is insupportable since the complaint alleges $50,000 in actual damages.

The action of the trial court in vacating the judgment was not error.

## II

The Ostlings contend that the trial court erred in setting aside the default underlying the judgment. We agree.

---

street or highway in front thereof, without lawful authority, is liable to the owner of such land, or to such city or town, for treble the amount of damages which may be assessed therefor, in a civil action, in any court having jurisdiction."

Vacating the default judgment has no necessary effect on the underlying default and simply returns the defendant to the default status *quo ante.* (See, e.g., *Howard Greer Custom Originals* v. *Capritti* (1950) 35 Cal.2d 886, 888-889 [221 P.2d 937].) Ordinarily when a judgment is vacated on the ground the damages awarded exceeded those pled, the appropriate action is to modify the judgment to the maximum amount warranted by the complaint. (E.g., *Becker* v. *S.P.V. Construction Co., supra,* 27 Cal.3d at p. 495; *Greenup* v. *Rodman* (1986) 42 Cal.3d 822, 830 [231 Cal.Rptr. 220, 726 P.2d 1295].)

Loring argues that the default was properly set aside because (a) the circumstances of the default hearing worked a de facto amendment of the complaint and (b) setting the default aside is an appropriate sanction for the Ostlings' violation of the order denying the motion to set aside the default.

Neither claim is persuasive.

A. *De Facto Amendment of the Complaint.*

Loring argues that the Ostlings' request for actual damages in excess of the amount pled worked a "de facto amendment of the complaint," requiring that the default be set aside. He seeks support in the doctrine that a material amendment of the complaint after a default "opens" the default and permits the defendant a new opportunity to enter the litigation.

"It is settled by a long line of decisions that where, after the default of a defendant has been entered, a complaint is amended in matter of substance as distinguished from mere matter of form, the amendment opens the default, and unless the amended pleading be served on the defaulting defendant, no judgment can properly be entered on the default. [Citations.] The reason for this rule is plain. A defendant is entitled to opportunity to be heard upon the allegations of the complaint on which judgment is sought against him. His default on the original complaint is limited in its effect to that complaint, and if by amendment a matter of substance is added, he should be given the opportunity to contest the same before any judgment is given against him on account thereof. The law, therefore, requires that the amended pleading shall be served on all the adverse parties, including defaulting defendants." (*Cole* v. *Roebling Construction Co.* (1909) 156 Cal. 443, 446 [105 P. 255].)

Here, the complaint was not amended. Loring's argument is that the oral request for actual damages in excess of the amount alleged in the complaint constitutes a de facto amendment of the complaint. His sole support is *Jackson* v. *Bank of America* (1986) 188 Cal.App.3d 375 [233 Cal.Rptr. 162].

In *Jackson* the plaintiff took a default under a complaint which failed to allege a causal connection between the defendant's conduct and the alleged damages. (188 Cal.App.3d at p. 388.) This amounts to a failure to state a cause of action. (See, e.g., *Blain* v. *Doctor's Co.* (1990) 222 Cal.App.3d 1048, 1066 [272 Cal.Rptr. 250].) At the default judgment hearing plaintiff's evidence of damages was predicated entirely upon events which occurred after the complaint had been filed. (*Jackson* v. *Bank of America, supra*, 188 Cal.App.3d at pp. 384-385.)

On appeal, the defendant argued that "plaintiff's argument and proof at the default hearing constituted a de facto amendment of his complaint which relieved [the defendant] of its default and entitled it to be served anew and then to answer." (188 Cal.App.3d at p. 387, fn. omitted.) The appellate court adopted this rhetorical device over the plaintiff's protest that there was neither a request for nor court authorization of an amendment to the complaint, reasoning as follows. "[I]f we were to accept plaintiff's argument, then new evidence, based on *any* theory, could be introduced at a default hearing, as long as no formal amendment were requested . . . ." (*Id.* at p. 389, original italics.)

We have no quarrel with the result (see *Beeman* v. *Burling, supra*, 216 Cal.App.3d at p. 1596, fn. 5) but we respectfully part company with *Jackson*'s characterization of the proceedings as a "de facto amendment of the complaint." The characterization was not necessary for the relief afforded the defendant. That result should have been assigned to other grounds to avoid the implication that immaterial evidence and inappropriate argument at a default judgment hearing requires setting aside a properly obtained default.

 A material amendment to the complaint opens a default because it permits the plaintiff to prove matters not in issue when the default was taken, which "would materially affect the defendant's decision not to contest the action . . . ." (See *Engebretson & Co., Inc.* v. *Harrison* (1981) 125 Cal.App.3d 436, 442 [178 Cal.Rptr. 77].) An amendment of the complaint is material if it subjects the defendant to increased damages. Unless the plaintiff properly obtains an amendment of his pleading, the defaulting defendant is not subject to this unfair prospect.

 Ordinarily the complaint delimits the nature of the legal theories which plaintiff may pursue and the nature of the evidence which is admissible. "Under either [the common law or code pleading] system [plaintiff's] allegations and proofs must agree, and it is not sufficient that his evidence discloses *a* cause of action against the defendant unless it be *the* cause of

action he has alleged in his complaint." (*Barrere* v. *Somps* (1896) 113 Cal. 97, 102 [45 P. 177], original italics; also see 5 Witkin, Cal. Procedure (3d ed. 1985) Pleading, § 1137, pp. 551-552.) If the plaintiff wholly departs from the existing complaint at a hearing on damages, beyond the limitations of the doctrine of curable variance, the trial court should hew to the complaint. (See Code Civ. Proc., § 471.) In such a case the court should deny relief or limit relief to that which is appropriate considering only the evidence which is within this pale. If the trial court errs and awards a judgment which is utterly unwarranted under the unamended complaint, as in *Jackson*, the defendant's remedy is a motion for a new trial (new judgment hearing) or an appeal from the default judgment. Loring did neither.

It might be objected that an appeal does not afford a remedy under the general rule that the sufficiency of the evidence tendered in a default proceeding cannot be reviewed on an appeal from a default judgment. (See, e.g., *Uva* v. *Evans* (1978) 83 Cal.App.3d 356, 363 [147 Cal.Rptr. 795]; 9 Witkin, Cal. Procedure, *supra*, Appeal, § 274, pp. 284-286.) Doubtless this is true as to matters for which no proof is required by virtue of the admission by default of the allegations of the complaint. (E.g., *City of Los Angeles* v. *Los Angeles Farming & Milling Co.* (1907) 150 Cal. 647 [89 P. 615].) However, as to damages which, despite default, require proof the general rule does not apply.

The contrary view is traceable to the reasoning in *Crackel* v. *Crackel* (1911) 17 Cal.App. 600 [121 P. 295]. (See, e.g., *Uva* v. *Evans, supra*, 83 Cal.App.3d at p. 363, and cases cited therein; 9 Witkin, Cal. Procedure, Appeal, *supra*, § 274.) The defendant sought reversal of a default judgment on grounds which required an examination of the evidence taken at the default judgment hearing in a divorce case. The court reasoned that, because of the default, no issue of fact was tendered under the pleadings and hence, under the existing statutes, the defendant could not lawfully obtain a reporter's transcript. (*Crackel*, at p. 601.)

The defendant protested that while this was true as a general rule, it should not apply where a statute requires the adduction of proof as a prerequisite to relief. The *Crackel* opinion answered that the argument was foreclosed under *Foley* v. *Foley* (1898) 120 Cal. 33 [52 P. 122], which rejected an appeal from a denial of a motion for a new trial by a defaulting defendant. *Crackel* quotes *Foley* as follows.

" 'A new trial is a re-examination of an issue of fact . . . ; and unless such an issue has been raised and tried, there is nothing which can be reviewed by this method.' " (*Crackel* v. *Crackel, supra*, 17 Cal.App. at p. 602.)

*Crackel* has been entirely undercut by subsequent developments. First, its statutory base no longer exists.[8] The preparation of a reporter's transcript is now governed by California Rules of Court, rule 4. Unlike Code of Civil Procedure former section 953a, rule 4 does not limit a transcript to trial proceedings. (Compare Cal. Rules of Court, rule 4 with former section 953a, Stats. 1907, ch. 408, § 1, p. 750.) Second, *Foley*'s reasoning concerning the limited nature of the new trial motion was repudiated in *Carney* v. *Simmonds* (1957) 49 Cal.2d 84, 89-91 [315 P.2d 305].

*Crackel* was questioned in *Buck* v. *Morrossis* (1952) 114 Cal.App.2d 461, 467 [250 P.2d 270], and effectively discarded in *Uva, supra,* which examined the evidence presented at a default judgment hearing to determine if the damages were "totally unconscionable and without evidentiary justification." (83 Cal.App.3d at pp. 363-364.) Damages for which there is no substantial evidence, a fortiori, satisfy this standard.[9] This is recognized in *Don* v. *Cruz* (1982) 131 Cal.App.3d 695, 707 [182 Cal.Rptr. 581], which, building on *Uva* and *Carney,* holds that lack of substantial evidence of damages affords a valid ground for granting a new trial on the issue of damages after a default judgment.

Relegating the defaulting defendant to the remedy of a motion for new trial or an appeal from the judgment solves the problem of unfairness presented in *Jackson*. If, as in *Jackson*, the complaint fails to state a cause of action, the judgment may be reversed on that ground. (See, e.g., *Rose* v. *Lawton* (1963) 215 Cal.App.2d 18 [29 Cal.Rptr. 844]; 6 Witkin Cal. Procedure, *supra,* Proceedings Without Trial, § 249, p. 548.) If, as in *Jackson*, evidence that is essential to support a recovery of damages is immaterial under the allegations of the complaint and amounts to a failure of proof, as explained above, the judgment may be reversed for insufficiency of the evidence.

This procedure protects the defaulting defendant from the prospect of damages that are insupportable under the complaint with which he has been

---

[8]Two of these statutes, Code of Civil Procedure former sections 650 and 953a, have been repealed. (Stats. 1945, ch. 40, § 16, p. 359.) The other, Code of Civil Procedure section 670, prescribes the judgment roll in defaults and other cases; however, it does not limit the defaulting defendant to a judgment roll appeal. (We note that if a reporter's transcript of the default judgment hearing cannot be made a part of the record of appeal it cannot be considered to show a de facto amendment of the complaint under *Jackson.*)

[9]However futile, we reiterate the often ignored caution that such claims are rarely tenable since appellate review for lack of substantial evidence does not involve weighing the evidence or deciding which available inferences should be drawn. (See, e.g., *Overton* v. *Vita-Food Corp.* (1949) 94 Cal.App.2d 367, 370 [210 P.2d 757].) We also note that if the evidence is sufficient to state a cause of action a reversal or new trial should not be granted for failure to make out the precise cause of action in the complaint unless the deviation is material within the sense of *Engebretson & Co., supra.*

served. It does so without the semantic alchemy of transmuting the failure of proof into a "de facto" amendment of a complaint. The benefit of the procedure is that it preserves the legitimate interest of the plaintiff in the underlying default against the party in default who has reconsidered the failure to respond but lacks a sufficient claim to obtain relief from the default under Code of Civil Procedure section 473.

Preserving the default advances the public interest in the avoidance of unwarranted contested trials of matters in which a default has lawfully been taken after the time to set aside the default has passed. *Jackson*'s approach is inconsistent with the practice of the Supreme Court in cases where damages have been awarded beyond those warranted by the complaint. As related, in those cases the court does not remand with directions to set aside the default; it does so with directions to reduce the damages to the maximum allowable under the complaint. For these reasons, we find the reasoning in *Jackson* and Loring's derivative argument unpersuasive.

### B. *Violation of the Order Denying Relief From Default.*

Loring also argues that the trial court appropriately set aside the default as a sanction for the Ostlings' violation of the order denying his motion to set aside the default. He submits that the trial court had discretion to make a conditional order requiring that the default be set aside if the Ostlings sought more than the amount demanded in their complaint. He quotes Code of Civil Procedure section 473, in pertinent part, as follows: "The court *may, upon any terms as may be just*, relieve a party . . . from a . . . proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect." (Italics added by Loring.) This argument is unpersuasive.

The predicate for application of the italicized quoted language is a satisfactory showing of "mistake, inadvertence, surprise, or excusable neglect." In that case, under Code of Civil Procedure section 473, the trial court may enter a conditional order relieving the party from default "upon any terms as may be just . . . ." Here, the predicate showing is missing. The trial court found no satisfactory showing of excusable neglect and for that reason denied relief. Additionally, the power of the trial court to act under section 473 is limited to the six-month period following default. A conditional order purporting to project the power to relieve a party from default beyond the statutory time period would be infirm.

In any event, the trial court's assertion, that if the Ostlings sought more damages than alleged Loring would be permitted to enter the action so that

he could deny "the allegations," is not a conditional order. The statement is not contained in the order denying the motion to set aside the default and does no more than refer to the doctrine that a material amendment of the complaint would open the default. But, as we have explained, the doctrine is inapplicable here.

For these reasons, the order setting aside the default cannot be upheld.

## III

### *Remedy*

This brings us to the remedy for the appropriate vacating of the judgment and the inappropriate setting aside of the default.

The Ostlings suggest that the judgment be modified to reflect the maximum adjudication permitted by the complaint of $50,000 in actual damages and doubled or trebled in accordance with section 3346, or that a new default judgment hearing be held to consider whether to double or triple the $50,000. Loring suggests there is insufficient evidence to support a judgment of $50,000 in actual damages. He also submits that the amount of the judgment for damages cannot exceed $50,000 in any event.

As appears, the appropriate resolution is to enter a judgment for $100,000 in damages, reflecting an adjudication of $50,000 in actual damages doubled pursuant to the mandate of section 3346.

### A. *Reconsideration of Actual Damages.*

 Loring suggests that the amount of actual damages is subject to reconsideration for lack of substantial evidence because the award is predicated upon the wrong measure of damages. He relies on the general rule applicable to an injury to realty: the cost of repair or replacement is the proper measure of damages only if it is less than the diminution in value of the property. (See, e.g., *Mozzetti* v. *City of Brisbane* (1977) 67 Cal.App.3d 565, 576 [136 Cal.Rptr. 751]; Rest.2d Torts, § 929; Cal. Attorney's Damages Guide (Cont.Ed.Bar 1974) §§ 6.5 to 6.6; Annot., Measure of Damages for Injury to or Destruction of Shade or Ornamental Tree or Shrub (1979) 95 A.L.R.3d 508, 524-528.) The Ostlings acknowledge the general rule but note that the trier of fact has discretion to award repair or replacement costs which exceed diminution in value where restoration is reasonable and likely in light of personal reasons of the owner to have the property restored. (E.g., *Heninger* v. *Dunn* (1980) 101 Cal.App.3d 858, 862-866 [162 Cal.Rptr. 104].)

The Ostlings submit that there is substantial evidence to uphold the application of the "personal reasons" exception in this case.

We do not resolve the question. A motion to vacate a judgment only lies where the judgment is void on its face, where it was obtained by extrinsic fraud or mistake, or where there has been no personal service of process. (See 8 Witkin, Cal. Procedure, *supra*, Attack on Judgment in the Trial Court, § 184, pp. 585-586.) Loring's claim of insufficiency of the evidence to sustain the damages award or abuse of discretion does not fall within these domains.

As we have explained earlier in this opinion, Loring had an opportunity to tender such a claim by a motion for new trial or an appeal from the default judgment. He did tender the claim in his motion for a new trial but that motion was denied by operation of law. He did not appeal from the default judgment at that point but moved to vacate it and the underlying default. At the time of the order granting Loring's motion to vacate the judgment more than 60 days had elapsed since service of notice of entry of the judgment. The trial court therefore had no power to grant relief in the nature of a new trial. (Code Civ. Proc., § 660.) Accordingly, Loring's claim that the wrong measure of damages was used was not cognizable in the trial court proceedings concerning his motion to vacate the judgment and a fortiori not cognizable on this appeal.

Absent an appeal from the judgment we have no jurisdiction to review it, or, derivatively, the denial of Loring's new trial motion. Our review is limited to review of the order vacating the judgment and setting aside the default. ■ A party who fails to take a timely appeal from a decision or order from which an appeal might previously have been taken cannot obtain review of it on appeal from a subsequent judgment or order. (See, e.g., *Guenter* v. *Lomas & Nettleton Co.* (1983) 140 Cal.App.3d 460, 465 [189 Cal.Rptr. 470]; Cal. Civil Appellate Practice (Cont.Ed.Bar 1985) § 2.4.)

■ Loring could have preserved the right to raise grounds beyond those cognizable in the proceedings to vacate the judgment by taking a precautionary cross-appeal from the judgment under California Rules of Court, rule 3(c). Rule 3(c) extends the right to file such a cross-appeal when a timely appeal is taken from an order granting, within 150 days after entry of judgment, a motion to vacate the judgment. Here, as in the case of an appeal from an order granting a new trial, the party whose motion has been granted must cross-appeal to tender claims beyond those in issue on the order after judgment that is the subject of the appeal. (See, e.g., 9 Witkin, Cal. Procedure, *supra*, Appeal, §§ 392, 395, 397, pp. 391, 392-393, 394.)

The adjudication in the judgment that the Ostlings suffered actual damages in excess of the $50,000 which they demanded is, in the posture of this case, final.

## B. *Damages Under Section 3346.*

The remaining question is whether the award of actual damages should be multiplied pursuant to section 3346. As related, the default underlying the judgment and the adjudication that actual damages amounted at least to $50,000 were unaffected by the vacation of the judgment. In light of the admission by default of the allegations of the complaint and the requirement of section 3346 that the plaintiff who establishes a cause of action for malicious injury to trees on the land of another must be awarded at least twice the amount of actual damages, the appropriate action upon setting the judgment aside is to enter a judgment for $100,000 in damages, reflecting the $50,000 in actual damages doubled pursuant to the statute.

The Ostlings were not required to adduce proof of malice at the default judgment hearing to support a judgment under section 3346. Loring admitted the allegation of malice by his default. However, as we have explained earlier in part I of this opinion, *ante*, at page 1742, a decision to award treble rather than double damages under section 3346 requires the exercise of judicial discretion and connotes a judgment concerning the culpability of the defendant. (See *Drewry* v. *Welch, supra*, 236 Cal.App.2d at p. 181.) That cannot be satisfied by the admission of a malice allegation in the complaint. The Ostlings eschewed the adduction of evidence of culpability; a fortiori, the case must be deemed to warrant the least culpable treatment under the statute, the minimum mandatory award of double actual damages.

We discern no reason to afford the Ostlings an additional opportunity to prove the case is sufficiently aggravated to warrant treble damages. (Cf., e.g., *Becker* v. *S.P.V. Construction Co., supra*, 27 Cal.3d at p. 495.)

Loring argues that an award of double damages would violate due process of law because he was not informed by the complaint that the statute under which multiplication of damages was sought is section 3346 or that the doubling of actual damages is a possible outcome under that statute. The argument is unpersuasive. Our system of code pleading requires only fact pleading. (See, e.g., 4 Witkin, Cal. Procedure, *supra*, Pleading, § 332, pp. 381-383.) Loring was notified of the prospect of statutory damages and this suffices to put him on notice to inquire which statutes might apply.

Loring was notified that he was subject to liability for three times the amount of actual damages proven, up to $50,000. This is notice that he could

be held liable for actual damages from zero to $50,000, which could be multiplied to produce aggregated damages at any point between zero and $150,000. It is inconceivable that a party would elect to default given notice of a claim for treble actual damages, but elect not to default if the notice also said that the lesser, double damages might be awarded. Hence, even if viewed as a variance, the multiplication of damages by two is not material in the sense that it "would materially affect the defendant's decision not to contest the action . . . ." (See *Engebretson & Co., Inc.* v. *Harrison, supra*, 125 Cal.App.3d at p. 442.)

## DISPOSITION

The order on appeal is reversed insofar as it sets aside the default and affirmed insofar as it vacates the judgment. The trial court is directed to enter a judgment in favor of plaintiffs in the sum of $100,000 plus costs. The parties shall bear their own costs of this appeal.

Sparks, J., and Raye, J., concurred.